RECEIPT # _____
AMOUNT $_____
SUMMONS ISSUED _____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS BINNALL and SUSAN BINNALL, )
    Plaintiffs, )
                    )
v.                ) Civil Action No.:
               )
BATH IRON WORKS CORPORATION and )
GENERAL DYNAMICS CORPORATION, )
    Defendants. )

**05** ᶜ **1 1 0 7 1 MEL**

## NOTICE OF REMOVAL

MAGISTRATE JUDGE _____

TO:   THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF MASSACHUSETTS

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Bath Iron Works (hereinafter

"BIW") and Defendant General Dynamics Corporation (hereinafter "GDC"), being all

defendants in the above-captioned matter, hereby file this Notice of Removal of the above-

captioned matter from the Superior Court of Middlesex County, Massachusetts, to the United

States District Court for the District of Massachusetts. In support of this Notice, BIW and GDC

respectfully state:

### I.    BASIS FOR JURISDICTION

1.    The United States District Court for the District of Massachusetts has original

jurisdiction over this matter under 28 U.S.C. § 1332(a)(2) and (c)(1), there being complete

diversity between the citizenship of the plaintiffs, Thomas Binnall and Susan Binnall

("Plaintiffs") and that of all defendants and being that the matter in controversy exceeds the sum

of value of $75,000.00, exclusive of interest and costs, as further described below.

2.      This lawsuit is therefore removable from the Massachusetts Superior Court to the

United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1441(a)

and 28 U.S.C. § 1332(a)(1).

3.      In fact, prior to filing this matter in state court, plaintiffs filed a nearly identical

Complaint in this Court (Docket No. 05-10536REK). A copy of the Complaint is attached

hereto as Exhibit 1. Plaintiffs voluntarily dismissed the complaint on April 15, 2005.

## II.    TIMELINESS OF REMOVAL

4.      On or about April 28, 2005, the plaintiffs filed their Complaint and Jury Demand

in the Superior Court of Middlesex County, Massachusetts, Civil Action No. MICV2005-01460

("the Complaint"). A copy of the Complaint is attached hereto as Exhibit 2.

5.      On May 5, 2005, the defendant BIW received a Summons and the Complaint via

registered mail. See Exhibit 3 (summons and letter from plaintiff's attorney, Susan Bourque).

The defendant GDC has yet to be served with a Summons and the Complaint.

6.      The time within which BIW are required to file a notice of Removal of this action

to this Court has not yet expired. Since BIW did not receive the Summons and Complaint until

May 5, 2005, BIW has until at least June 4, 2005 to remove this action. See 28 U.S.C. §

1446(b). GDC had yet to be served. Therefore, pursuant to 28 U.S.C. § 1446(b), the time period

within which GDC must remove has not yet begun.

## III.   CITIZENSHIP OF THE PARTIES

7.      The complaint alleges that Plaintiff Thomas Binnall is a citizen of the

Commonwealth of Massachusetts and a resident of Waltham, County of Middlesex,

Massachusetts. See Exhibit 2.

2

8.      The complaint alleges that Plaintiff Susan Binnall is a citizen of the
Commonwealth of Massachusetts and a resident of Waltham, County of Middlesex,
Massachusetts.  See Exhibit 2.

9.      The complaint alleges that Defendant BIW is a Maine corporation with a principal
place of business located in Bath, Maine.  See Exhibit 2.

10.     The complaint alleges that the defendant GDC is a  Delaware Corporation with
principal place of business located in Falls Church, Virginia.  See Exhibit 2.

11.     For purposes of diversity jurisdiction, corporate parties are citizens of both the
state in which they are incorporated and the state in which they maintain their principal place of
business.  See 28 U.S.C. § 1332(c)(1).

12.     For the purposes of diversity and removal jurisdiction, BIW is a citizen of Maine.
See 28 U.S.C. § 1332(c)(1).

13.     For purposes of diversity and removal jurisdiction, GDC may be considered a
citizen of both Delaware and Virginia.  See 28 U.S.C. § 1332(c)(1).

14.     In order to satisfy the statutory requirement for diversity jurisdiction, all plaintiffs
must be citizens of a different state than all defendants.  See 28 U.S.C. § 1332(c)(1).

15.     In the case at bar, all Plaintiffs are citizens of Massachusetts, Defendant BIW is a
citizen of Maine, and GDC is a citizen of both Delaware and Virginia.

16.     Complete diversity exists between Plaintiffs and Defendants, satisfying the
jurisdictional requirements of 28 U.S.C. § 1332(a)(1) and (c)(1).

## IV.   JURISDICTION AMOUNT FOR DIVERSITY JURISDICTION

17.     While the complaint does not state a specific amount in controversy, the removing Defendants have a good-faith belief that the amount in controversy exceeds \$75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a).

18.     The allegations contained in the complaint allege that Plaintiff Thomas Binnall "sustained extremely serious and permanent and physical injuries, including multiple compound fractures requiring surgical revision, profound emotional distress, pain and suffering, lost wages, and impaired past and future earning capacity." See Exhibit 2.

19.     Additionally, Plaintiffs filed a Civil Action coversheet along with their compliant in the Middlesex County Superior Court. The Civil Action coversheet is attached hereto as Exhibit 4. Plaintiffs assert \$363,430.19 in actual damages, which includes medical bills and past and future lost wages.

20.     Based upon these allegations, the removing Defendants have a good-faith belief that this controversy exceeds the sum or value of \$75,000.00, exclusive of interest and costs.

## V.   MISCELLANEOUS REMOVAL REQUIREMENTS

21.     Written notices of the filing of this notice of removal shall be served on all adverse parties, as required by 28 U.S.C. § 1446(d).

22.     A true copy of this notice of removal shall be filed with the Middlesex Superior Court and served on all adverse parties, as provided by 28 U.S.C. § 1446(a).

23.     The State Court summons and complaint, attached hereto as Exhibits 2 and 3, are the only pleadings, process, or other papers filed in the State Court action. Pursuant to Local Rule 81.1(a), within 30 days of the filing of this notice of removal, the removing Defendants will

4

file certified or attested copies of all records and proceedings in the State Court and a certified or attested copy of all docket entries in the State Court.

**WHEREFORE**, the defendants General Dynamics Corporation and Bath Iron Works Corporation respectfully request that this Civil Action be removed from the Superior Court of Middlesex County to this the Federal District Court for the District of Massachusetts, that this Court accept jurisdiction of this action, and henceforth that this action be placed on the docket of this Court for further proceedings such that the parties and the Court proceed as though this action had originally been instituted in the Federal District Court for the District of Massachusetts.

Respectfully submitted,

**DEFENDANTS BATH IRON WORKS CORPORATION and GENERAL DYNAMICS CORPORATION,**

By their attorneys,

Timothy J. Perry (BBO# 631397)
PRETI, FLAHERTY LLP
10 High Street, Suite 502
Boston, MA  02110
Dated:  May 23, 2005                    (617) 226-3800
(617) 226-3801

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served upon all counsel of record via pre-paid First Class, United States Mail.

Dated: May 23, 2005

Timothy J. Perry

5

RECEIPT # __62936__
AMOUNT $____ ___
SUMMONS ISSUED __ __
LOCAL RULE 4.1._____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK. _____
DATE____3 _∵'·υ∫____

FILED
∵∵ 'RS OFFICE

UNITED STATES DISCTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

'∵'∵∵321 ∵ 2 32

∵∵ ∵∵∵∵∵∵ ∵∵∵∵

THOMAS BINNALL and )
SUSAN BINNALL, )
    Plaintiffs, )
                )
                )
v. )
                )
BATH IRON WORKS CORPORATION )
GENERAL DYNAMICS )
CORPORATION, )
    Defendants. )

**PLAINTIFFS' COMPLAINT
AND JURY DEMAND**

# 05 1 05 3 6 REK

MAGISTRATE JUDGE _Alexander_

## GENERAL ALLEGATIONS

1. The plaintiff, Thomas Binnall, is a citizen of the Commonwealth of Massachusetts and a resident of Waltham, County of Middlesex.

2. The plaintiff, Susan Binnall, is a citizen of the Commonwealth of Massachusetts and a resident of Waltham, County of Middlesex.

3. At all times relevant hereto, the plaintiff, Susan Binnall was and is the wife of Thomas Binnall.

4. The defendant, Bath Iron Works Corporation ("Bath Iron Works"), is a Maine corporation with a principal place of business located in Bath, Maine.

5. The defendant, General Dynamics Corporation ("General Dynamics"), is a Delaware corporation with a principal place of business located in Falls Church, Virginia.

6. At all times relevant hereto, Bath Iron Works was a wholly owned subsidiary of General Dynamics.

7. Diversity jurisdiction exists pursuant to 28 U.S.C.A. 1332.

8. Personal jurisdiction over the defendants exist pursuant to M.G.L. c. 223A, §§3(a) and (b). The plaintiffs' claims arise out of the defendants transacting business in the Commonwealth of Massachusetts and contracting to supply services or things in the Commonwealth. The defendants also regularly do or solicit business and derive substantial revenue from goods used or consumed in



the Commonwealth of Massachusetts, and both defendants maintain "foreign business certificates" with the Massachusetts Secretary of State.

### FACTUAL ALLEGATIONS

9. On or about July 2, 2002, the plaintiff was employed as a truck driver by USF Logistics ("USF") and had been dispatched to Bath Iron Works to deliver a load of steel pipes.

10. On or about July 2, 2002, the plaintiff arrived at Bath Iron Works ("Bath") and alerted the receiving department that he had a shipment of steel pipe that required off-loading from his trailer. The pipes ranged in length between 20 to 23 feet long and ¾ to 6 inches in diameter.

11. Bath Iron Works' receiving department advised Mr. Binnall that the crane operator was not available to off-load his shipment and they would be unable to accept his shipment.

12. Another Bath Iron Works employee then advised Mr. Binnall that he would in fact be able to off-load his shipment of steel pipes using a fork-lift.

13. As requested, Mr. Binnall then returned to his truck and prepared his shipment for off-loading by one or more of Bath Iron Works' agents, servants, and/or employees.

14. While Mr. Binnall was in the process of removing a strap located near the driver's side of his truck, a Bath Iron Works' agent, servant, and/or employee suddenly and without warning to the plaintiff, attempted to lift the steel pipe off the plaintiff's truck using a forklift.

15. In doing so, a steel band that bound several of the steel pipes broke free causing the steel pipes to fall directly on the plaintiff's head and body, pinning the plaintiff and crushing his lower extremities.

16. As a result of the incident, Mr. Binnall sustained extremely serious and permanent physical injuries, including multiple compound fractures requiring surgical revision, profound emotional distress, pain and suffering, lost wages, and impaired past and future earning capacity

17. As a direct and proximate result of the defendant's negligence, Mrs. Binnall was caused to sustain the loss of her husband's care, comfort, and society (collectively referred to as "loss of consortium").



## COUNT 1

### CLAIM OF THE PLAINTIFF, THOMAS BINNALL, AGAINST THE DEFENDANT, BATH IRON WORKS CORPORATION, FOR PERSONAL INJURIES AND RELATED LOSSES PREDICATED ON NEGLIGENCE.

18. The plaintiff repeats, realleges and incorporates fully herein paragraphs 1 through 17.

19. On or about July 2, 2002, the plaintiff was a lawful visitor to Bath Iron Works, in Bath, Maine.

20. On or about July 2, 2002, one or more Bath Iron Works' employees negligently off-loaded steel pipe from the plaintiff's 50-foot flat-bed trailer causing the pipes to fall from the trailer bed and directly upon Mr. Binnall's head and legs, causing him to sustain serious and permanent injuries and related losses.

21. As a direct and proximate result of the defendant's negligence, the plaintiff was caused to suffer and did suffer extremely serious personal injuries, including great pain of body and anguish of mind, and incurred substantial medical expenses and related economic losses.

22. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, Bath Iron Works Corporation, in an amount deemed fair and reasonable to fully compensate him for all of his incident related injuries and losses, together with interest and costs.

**WHEREFORE**, the plaintiff, Thomas Binnall, demands judgment against the defendant, Bath Iron Works Corporation, in an amount deemed fair and reasonable to fully compensate him for all of his incident-related injuries and losses, together with interest and costs

## COUNT II

### CLAIM OF THE PLAINTIFF, THOMAS BINNALL, AGAINST THE DEFENDANT, GENERAL DYNAMICS CORPORATION, FOR PERSONAL INJURIES AND RELATED LOSSES PREDICATED ON NEGLIGENCE.

23. The plaintiff repeats, realleges and incorporates fully herein paragraphs 1 through 22.

24. On or about July 2, 2002, the plaintiff was a lawful visitor to Bath Iron Works, in Bath, Maine.

25. On or about July 2, 2002, one or more Bath Iron Works' employees negligently off-loaded steel pipe from the plaintiff's 50-foot flat-bed trailer causing the pipes



to fall from the trailer bed and directly upon Mr. Binnall's head and legs, causing him to sustain serious and permanent injuries and related losses.

26. As a direct and proximate result of the defendant's negligence, the plaintiff was caused to suffer and did suffer extremely serious personal injuries, including great pain of body and anguish of mind, and incurred substantial medical expenses and related economic losses.

27. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, General Dynamics Corporation, in an amount deemed fair and reasonable to fully compensate him for all of his incident related injuries and losses, together with interest and costs.

**WHEREFORE**, the plaintiff, Thomas Binnall, demands judgment against the defendant, General Dynamics Corporation, in an amount deemed fair and reasonable to fully compensate him for all of his incident-related injuries and losses, together with interest and costs

## COUNT III

### CLAIM OF THE PLAINTIFF, SUSAN BINNALL, AGAINST THE DEFENDANT, BATH IRON WORKS CORPORATION, FOR THE LOSS OF HER HUSBAND'S CARE, COMFORT, AND SOCIETY (COLLECTIVELY REFERRED TO AS "LOSS OF CONSORTIUM")

28. The plaintiff repeats, realleges, and incorporates fully herein paragraphs 1 through 27.

29. As a direct and proximate result of the defendant's negligence and her husband's resulting injuries, the plaintiff was caused to sustain a significant loss of consortium.

30. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, Bath Iron Works Corporation, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related injuries and losses, together with interest and costs.

**WHEREFORE**, the plaintiff, Susan Binnall, demands judgment against the defendant, Bath Iron Works Corporation, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related injuries and losses, together with interest and costs

## COUNT IV

### CLAIM OF THE PLAINTIFF, SUSAN BINNALL, AGAINST THE DEFENDANT, GENERAL DYNAMICS CORPORATION, FOR THE LOSS OF HER HUSBAND'S CARE, COMFORT, AND SOCIETY (COLLECTIVIELY REFERRED TO AS "LOSS OF CONSORTIUM")

31. The plaintiff repeats, realleges, and incorporates fully herein paragraphs 1 through 30.

32. As a direct and proximate result of the defendant's negligence and her husband's resulting injuries, the plaintiff was caused to sustain a significant loss of consortium.

33. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, General Dynamics Corporation, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related injuries and losses, together with interest and costs.

   **WHEREFORE,** the plaintiff, Susan Binnall, demands judgment against the defendant, General Dynamics Corporation, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related injuries and losses, together with interest and costs

### DEMAND FOR JURY TRIAL

   The Plaintiffs claims trial by jury on all Counts.


                         Respectfully submitted,
                         The Plaintiffs,
                         By their Attorneys,


                         Eric J. Parker, Esq. BBO# 549513
                         Susan M. Bourque, Esq. BBO# 647195
                         Parker | Scheer LLP
                         One Constitution Center
                         Boston, MA 02129
                         (617) 886-0500

Dated:   11/11/05



COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPT.
C.A. No.

**05–1460**

THOMAS BINNALL and )
SUSAN BINNALL, )
    Plaintiffs, )
                   )
v. )
                   )
BATH IRON WORKS CORPORATION )
and GENERAL DYNAMICS )
CORPORATION, )
    Defendants. )

**PLAINTIFFS' COMPLAINT
AND JURY DEMAND**

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
APR 29 2005
CLERK

## GENERAL ALLEGATIONS

1. The plaintiff, Thomas Binnall, is a citizen of the Commonwealth of Massachusetts and a resident of Waltham, County of Middlesex.

2. The plaintiff, Susan Binnall, is a citizen of the Commonwealth of Massachusetts and a resident of Waltham, County of Middlesex.

3. At all times relevant hereto, the plaintiff, Susan Binnall was and is the wife of Thomas Binnall.

4. The defendant, Bath Iron Works Corporation ("Bath Iron Works"), is a Maine corporation with a principal place of business located in Bath, Maine.

5. The defendant, General Dynamics Corporation ("General Dynamics"), is a Delaware corporation with a principal place of business located in Falls Church, Virginia.

6. At all times relevant hereto, Bath Iron Works was a wholly owned subsidiary of General Dynamics.

7. Personal jurisdiction over the defendants, Bath Iron Works and General Dynamics, exist pursuant to M.G.L. c. 223A, §§3(a) and (b). The plaintiffs' claims arise out of the defendants transacting business in the Commonwealth of Massachusetts and contracting to supply services or things in the Commonwealth. The defendants also regularly do or solicit business and derive substantial revenue from goods used or consumed in the Commonwealth of Massachusetts, and both

defendants maintain "foreign business certificates" with the Massachusetts Secretary of State.

## FACTUAL ALLEGATIONS

8. On or about July 2, 2002, the plaintiff was employed as a truck driver by USF Logistics ("USF") and had been dispatched to Bath Iron Works to deliver a load of steel pipes.

9. On or about July 2, 2002, the plaintiff arrived at Bath Iron Works ("Bath") and alerted the receiving department that he had a shipment of steel pipe that required off-loading from his trailer. The pipes ranged in length between 20 to 23 feet long and ¾ to 6 inches in diameter.

10. Bath Iron Works' receiving department advised Mr. Binnall that the crane operator was not available to off-load his shipment and they would be unable to accept his shipment.

11. Another Bath Iron Works employee then advised Mr. Binnall that he would in fact be able to off-load his shipment of steel pipes using a fork-lift.

12. As requested, Mr. Binnall then returned to his truck and prepared his shipment for off-loading by one or more of Bath Iron Works' agents, servants, and/or employees.

13. While Mr. Binnall was in the process of removing a strap located near the driver's side of his truck, a Bath Iron Works' agent, servant, and/or employee suddenly and without warning to the plaintiff, attempted to lift the steel pipe off the plaintiff's truck using a forklift.

14. In doing so, a steel band that bound several of the steel pipes broke free causing the steel pipes to fall directly on the plaintiff's head and body, pinning the plaintiff and crushing his lower extremities.

15. As a result of the incident, Mr. Binnall sustained extremely serious and permanent physical injuries, including multiple compound fractures requiring surgical revision, profound emotional distress, pain and suffering, lost wages, and impaired past and future earning capacity

16. As a direct and proximate result of the defendant's negligence, Mrs. Binnall was caused to sustain the loss of her husband's care, comfort, and society (collectively referred to as "loss of consortium").

## COUNT 1

### CLAIM OF THE PLAINTIFF, THOMAS BINNALL, AGAINST THE DEFENDANT, BATH IRON WORKS CORPORATION, FOR PERSONAL INJURIES AND RELATED LOSSES PREDICATED ON NEGLIGENCE.

17. The plaintiff repeats, realleges and incorporates fully herein paragraphs 1 through 16.

18. On or about July 2, 2002, the plaintiff was a lawful visitor to Bath Iron Works, in Bath, Maine.

19. On or about July 2, 2002, one or more Bath Iron Works' employees negligently off-loaded steel pipe from the plaintiff's 50-foot flat-bed trailer causing the pipes to fall from the trailer bed and directly upon Mr. Binnall's head and legs, causing him to sustain serious and permanent injuries and related losses.

20. As a direct and proximate result of the defendant's negligence, the plaintiff was caused to suffer and did suffer extremely serious personal injuries, including great pain of body and anguish of mind, and incurred substantial medical expenses and related economic losses.

21. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, Bath Iron Works Corporation, in an amount deemed fair and reasonable to fully compensate him for all of his incident related injuries and losses, together with interest and costs.

**WHEREFORE**, the plaintiff, Thomas Binnall, demands judgment against the defendant, Bath Iron Works Corporation, in an amount deemed fair and reasonable to fully compensate him for all of his incident-related injuries and losses, together with interest and costs

## COUNT II

### CLAIM OF THE PLAINTIFF, THOMAS BINNALL, AGAINST THE DEFENDANT, GENERAL DYNAMICS CORPORATION, FOR PERSONAL INJURIES AND RELATED LOSSES PREDICATED ON NEGLIGENCE.

22. The plaintiff repeats, realleges and incorporates fully herein paragraphs 1 through 21.

23. On or about July 2, 2002, the plaintiff was a lawful visitor to Bath Iron Works, in Bath, Maine.

PARKER    SCHEER

24. On or about July 2, 2002, one or more Bath Iron Works' employees negligently off-loaded steel pipe from the plaintiff's 50-foot flat-bed trailer causing the pipes to fall from the trailer bed and directly upon Mr. Binnall's head and legs, causing him to sustain serious and permanent injuries and related losses.

25. As a direct and proximate result of the defendant's negligence, the plaintiff was caused to suffer and did suffer extremely serious personal injuries, including great pain of body and anguish of mind, and incurred substantial medical expenses and related economic losses.

26. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, General Dynamics Corporation, in an amount deemed fair and reasonable to fully compensate him for all of his incident related injuries and losses, together with interest and costs.

**WHEREFORE**, the plaintiff, Thomas Binnall, demands judgment against the defendant, General Dynamics Corporation, in an amount deemed fair and reasonable to fully compensate him for all of his incident-related injuries and losses, together with interest and costs

## COUNT III

### CLAIM OF THE PLAINTIFF, SUSAN BINNALL, AGAINST THE DEFENDANT, BATH IRON WORKS CORPORATION, FOR THE LOSS OF HER HUSBAND'S CARE, COMFORT, AND SOCIETY (COLLECTIVELY REFERRED TO AS "LOSS OF CONSORTIUM")

27. The plaintiff repeats, realleges, and incorporates fully herein paragraphs 1 through 26.

28. As a direct and proximate result of the defendant's negligence and her husband's resulting injuries, the plaintiff was caused to sustain a significant loss of consortium.

29. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, Bath Iron Works Corporation, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related injuries and losses, together with interest and costs.

**WHEREFORE**, the plaintiff, Susan Binnall, demands judgment against the defendant, Bath Iron Works Corporation, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related injuries and losses, together with interest and costs

## COUNT IV

### CLAIM OF THE PLAINTIFF, SUSAN BINNALL, AGAINST THE DEFENDANT, GENERAL DYNAMICS CORPORATION, FOR THE LOSS OF HER HUSBAND'S CARE, COMFORT, AND SOCIETY (COLLECTIVIELY REFERRED TO AS "LOSS OF CONSORTIUM")

30. The plaintiff repeats, realleges, and incorporates fully herein paragraphs 1 through 29.

31. As a direct and proximate result of the defendant's negligence and her husband's resulting injuries, the plaintiff was caused to sustain a significant loss of consortium.

32. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, General Dynamics Corporation, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related injuries and losses, together with interest and costs.

WHEREFORE, the plaintiff, Susan Binnall, demands judgment against the defendant, General Dynamics Corporation, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related injuries and losses, together with interest and costs

### PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS

Respectfully submitted,
The Plaintiffs,
By their Attorneys,

Eric J. Parker, Esq. BBO# 549513
Susan M. Bourque, Esq. BBO# 647195
Parker | Scheer LLP
One Constitution Center
Boston, MA 02129
(617) 886-0500

Dated: 4-28-2005

**PARKER** | **SCHEER** LLP

One Constitution Cent
Boston, Massachusett
02129

Telephone
617.886.0500

Facsimile
617.886.0100

25 Mall Road
Suite 300
Burlington, Massachus
01803

Telephone
781.425.6055

32 Court Street
Plymouth, Massachuse
02360

Telephone
508.830.9460

May 2, 2005

**VIA CERTIFIED MAIL R.R.R.**
**7004 1160 0004 3110 2215**

Bath Iron Works Corporation
700 Washington Street
Bath, ME 04530

Re:    **Thomas Binnall, et al. v. Bath Iron Works, Inc., et al.**
      **C.A. No. 05-1460**

www.parkerscheer.com

To Officer, Agent, Person in Charge of Business:

Pursuant to Massachusetts Rules of Civil Procedure 4(e)(3), the plaintiffs in the above-captioned matter are hereby serving civil process upon Bath Iron Works Corporation, via certified mail, return receipt requested. Enclosed please find copies of the Plaintiffs' Complaint, Civil Action Cover Sheet, and Summons.

Please respond accordingly.

Very truly yours,

Susan M. Bourque

Enclosures

TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX , ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-1460

*Thomas Binnall and Susan Binnall* , Plaintiff(s)

*Bath Iron Works Corporation and General Dynamics Corp.* , Defendant(s)

## SUMMONS

To the above-named Defendant: Bath Iron Works Corporation

You are hereby summoned and required to serve upon ERIC J. Parker ...............................

..................................... plaintiff's attorney, whose address is One Constitution

Center, Boston MA. 02129 ......................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at Cambridge, MA

...................................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, ~~Suzanne V. DelVecchio~~ **Barbara J. Rouse**, Esquire, at ...............................................................

the ..........2nd.......................... day of ......May.........................................................

..............., in the year of our Lord .....2005.................... .

*Edward J Sullivan*
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...............................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

...........................................................................................................................................................
...........................................................................................................................................................
...........................................................................................................................................................
                                        ...........................................................................................................

Dated: ......................................................................................................................

**N.B.  TO PROCESS SERVER:**
   **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
   **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )
(    ...................................., ......... )
( _____ )

**COMMONWEALTH OF MASSACHUSETTS**

MIDDLESEX ......... ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-1460

Thomas Binnall and
Susan Binnall ............... Plff.

Bath Iron Works Corporation;
General Dynamics Corp. ....... Def.

SUMMONS
(Mass. R. Civ. P. 4)

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: _Middlesex_ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Thomas Binnall and Susan Binnall | Bath Iron Works Corporation and General Dynamics Corpora. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Susan M. Bourque <br> Parker Scheer LLP <br> 1 Constitution Center <br> Boston, MA 02129 <br> Board of Bar Overseers number: 647195 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X).

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Personal Injury | ( F ) | ( ✓ )Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $ 85,285.19
2. Total Doctor expenses .............................................. $ 445.00
3. Total chiropractic expenses ........................................ $
4. Total physical therapy expenses .................................... $ 2,670.00
5. Total other expenses (describe) .................................... $
                                    Subtotal $ 88,430.19
B. Documented lost wages and compensation to date ..................... $ 110,000.00
C. Documented property damages to date ................................ $
D. Reasonably anticipated future medical and hospital expenses ......... $
E. Reasonably anticipated lost wages .................................. $ 165,000.00
F. Other documented items of damages (describe)
                                   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
    Open right tibia / fibula fracture, multiple contusions about the head, wrist / hand injuries.
                                 $
                              TOTAL $ 363,430.19

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                TOTAL $ ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 4-28-05

**05   11071 MEL**

JS 44 (Rev. 11/04)   **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| **I. (a)  PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Thomas Binnall and Susan Binnall | Bath Iron Works Corporation and General Dynamics Corporation |

**(b)** County of Residence of First Listed Plaintiff   Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Eric J. Parker and Susan M. Bourque, One Constitution Center, Boston,
MA 02129, (617) 886-0500.

Attorneys (If Known)

timothy J. Perry, Preti Flaherty LLP, 10 High Street, Suite 502,
Boston, MA 02110

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1  Original
Proceeding

☒ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C., Section 1332 (a) (2) and (c)(1)
Brief description of cause:

**VII. REQUESTED IN
COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

**VIII. RELATED CASE(S)
IF ANY**

(See instructions):   JUDGE  Keaton

DOCKET NUMBER  *1:05-cv- 10536 REK*

DATE
05/20/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Binnall v. Bath Iron Works Corporation, et. al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐   I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐   II.    195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     for patent, trademark or copyright cases

    ☑   III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

    ☐   IV.    220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

    ☐   V.    150, 152, 153.

**05 ᶜ 1 1 0 7 1 MEL**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

Binnall v. Bath Iron Works, et al., C.A. No. 05-10536 REK

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

              YES ☑    NO ☐

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

              YES ☐    NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

              YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

              YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

              YES ☑    NO ☐

    A.    If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☑    Central Division ☐    Western Division ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

              YES ☐    NO ☑

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Timothy J. Perry

ADDRESS Preti Flaherty LLP, 10 High Street, Suite 502, Boston, MA 02110

TELEPHONE NO. (617) 226-3800

(CategoryForm.wpd - 5/2/05)