UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS BINNALL and SUSAN BINNALL,<br><br>Plaintiffs,<br><br>v.<br><br>BATH IRON WORKS CORPORATION and GENERAL DYNAMICS CORPORATION,<br><br>Defendants. | Civil Action No. 05-cv-11071-MEL<br><br><br>MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6), AND TO DISMISS OR TRANSFER PURSUANT TO FED. R. CIV. P. 12(b)(3), |

Defendants Bath Iron Works Corporation and General Dynamics Corporation, pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), and 28 U.S.C. §§ 1391(a), 1404(a), and 1406(a), move this Court for the entry of an Order: (1) dismissing Plaintiffs' claims against Defendant General Dynamics Corporation in their entirety for failure to state a claim upon which relief may be granted; and (2) dismissing Plaintiffs' claims in their entirety, or in the alternative transferring them to the District of Maine, for improper venue.

As reasons therefore, Defendants state as follows:

(1)     Plaintiffs' claims against Defendant General Dynamics Corporation ("GD") must be dismissed in their entirety because GD is merely a shareholder in Defendant Bath Iron Works Corporation ("BIW") and there are no facts alleged, as there could be no facts alleged, that would allow for disregard of the corporate form and liability against GD.

(2)     Plaintiffs' claims against both Defendants were brought in an improper venue. Plaintiffs' claims are based upon injuries received by Plaintiff Thomas Binnall at Defendant BIW's facilities in Maine while Plaintiff was on a business trip to Maine on behalf of his employer. All of the relevant events took place in Maine, most documents necessary in

discovery are kept in Maine, most of the witnesses to the incident alleged in the Complaint are in Maine and the medical provided who first treated Plaintiff are in Maine. *See* Affidavit of Jon A. Fitzgerald, Esq. at ¶ 3 (attached to the accompanying memorandum of law as Exhibit A). Conversely, Massachusetts has little or no connection to the occurrence set forth in the Complaint.

(3)  Finally, even if Massachusetts were a proper venue, this Court should transfer any remaining claims to Maine in the interests of justice and judicial economy.

(4)  In further support of this motion, Defendants rely upon and incorporate by reference the accompanying memorandum of law and Affidavit of Jon A. Fitzgerald, Esq.

## REQUEST FOR ORAL ARGUMENT

Counsel believes that oral argument could assist the Court and therefore requests oral argument.

**WHEREFORE**, Defendants respectfully request that this Court enter an Order: (1) dismissing Plaintiffs' claims against Defendant General Dynamics Corporation in their entirety for failure to state a claim upon which relief may be granted; and (2) dismissing Plaintiffs' claims in their entirety, or in the alternative transferring them to the District of Maine, for improper venue.

Dated: May 27, 2005

Respectfully submitted,

BATH IRON WORKS CORPORATION AND
GENERAL DYNAMICS CORPORATION,

By their Attorneys,

_____
Mark L. Haley, BBO# 217260
Timothy J. Perry, BBO# 631397
PRETI FLAHERTY
BELIVEAU PACHIOS & HALEY
10 High Street, Suite 502
Boston, MA 02110

### LOCAL RULE 7.1(A)(2) CERTIFICATE

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel certifies that he conferred with plaintiff's counsel Eric Parker, Esq. in a good faith attempt to resolve the issues presented in this motion but that the parties could not narrow the issues presented herein.

Dated: May 27, 2005

_____
Timothy J. Perry

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all counsel of record by placing same addressed to said counsel in First Class U.S. Mail, postage pre-paid.

Dated: May 27, 2005

_____
Timothy J. Perry

3