UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS BINNALL and SUSAN BINNALL,<br><br>Plaintiffs,<br><br>v.<br><br>BATH IRON WORKS CORPORATION and GENERAL DYNAMICS CORPORATION,<br><br>Defendants. | Civil Action No. 05-cv-11071-MEL<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6), AND TO DISMISS OR TRANSFER PURSUANT TO FED. R. CIV. P. 12(b)(3) |

Defendants Bath Iron Works Corporation and General Dynamics Corporation submit this memorandum of law in support of their motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), and 28 U.S.C. §§ 1391(a), 1404(a), and 1406(a). Defendants request that this Court enter an Order: (1) dismissing Plaintiffs' claims against Defendant General Dynamics Corporation in their entirety for failure to state a claim upon which relief may be granted; and (2) dismissing Plaintiffs' claims in their entirety, or in the alternative transferring them to the District of Maine, for improper venue.

### I.   INTRODUCTION

Plaintiffs' claims against Defendant General Dynamics Corporation ("GD") are meritless. GD has no involvement in this case except as a shareholder in Defendant Bath Iron Works Corporation ("BIW"). No matter which state law is applied to this case – Maine or Massachusetts – Plaintiffs have alleged no facts whatsoever upon which GD could be held liable for the actions of its subsidiary BIW. Under the common-law principle that corporate forms will

be respected absent extraordinary circumstances neither alleged nor present here, Plaintiffs' claims against GD must be dismissed.

Furthermore, Plaintiffs' claims in their entirety, as against both Defendants, were brought in an improper venue. Plaintiffs' claims are based upon injuries received by Plaintiff Thomas Binnall, at Defendant BIW's facilities in Maine, while Plaintiff was on a business trip to Maine. All of the relevant events took place in Maine, and most of the witnesses to Plaintiff's injuries, and how he received them, are in Maine. *See* Affidavit of Jon A. Fitzgerald, Esq. at ¶ 3 (attached hereto as Exhibit A). For these reasons, Plaintiffs' claims were improperly brought in Massachusetts, which has little connection to the events. Furthermore, even if Massachusetts were a proper venue, this Court should transfer these claims to Maine in the interests of justice.

## II.   FACTS

In their Complaint, Plaintiffs allege that Plaintiff Thomas Binnall was dispatched "to Bath Iron Works," in Bath, Maine, to deliver a load of steel pipes, and that while "at Bath Iron Works," Plaintiff was injured when some of the steel pipes he was assisting BIW employees to unload fell on him. Complaint at ¶¶ 8-15. He bases his claims upon what he characterizes as "negligen[ce]" by "one or more Bath Iron Works' employees" and upon the allegation that he was "a lawful visitor to Bath Iron Works" in Maine *Id.* ¶¶ 18-19. Although Plaintiffs bring separate counts against BIW and GD, all of their allegations involve BIW alone. *Id.* ¶¶ 8-15, 18-19, 23-24. Plaintiffs' only allegation involving GD is that "[a]t all times relevant hereto, Bath Iron Works was a wholly owned subsidiary of General Dynamics." *Id.* ¶ 6.

As Plaintiffs admit, BIW is a wholly owned subsidiary of GD, Complaint at ¶ 6, making GD a shareholder in BIW and BIW an entirely separate corporate entity from GD. Plaintiffs also

admit that BIW is a Maine corporation, while GD is a Delaware corporation. Plaintiffs have alleged no further facts related to GD or GD's relationship to BIW.

Plaintiffs' only allegations related to Massachusetts are that Plaintiffs themselves live in Massachusetts and that "defendants transact[] business" in Massachusetts and "contract[] to supply services or things in the Commonwealth." *Id.* ¶¶ 1-2.

### III.  DISCUSSION

The facts alleged by Plaintiffs do not state a cause of action against General Dynamics. Plaintiffs have alleged only that BIW is liable for Plaintiffs' injuries and that GD is a shareholder in BIW. These facts alone are simply insufficient under the law of any state, including Maine and Massachusetts, to hold GD liable for the actions of BIW.

Furthermore, Plaintiffs have brought their claims in an improper venue. Massachusetts has no connection to the events giving rise to their claims, and therefore, their claims should be either dismissed or, in the alternative, transferred to the District of Maine.

**A.     Plaintiffs' Claims Against General Dynamics Should Be Dismissed for Failure to State A Claim Upon Which Relief May Be Granted.**

*1.     Legal Standard*

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the Complaint. The court accepts all well-pleaded facts as true, "indulging every reasonable inference helpful to the plaintiff's cause." *Garita Hotel, Ltd. Partnership v. Ponce Federal Bank, F.S.B.*, 958 F.2d 15, 17 (1st Cir. 1992). However, in considering motions to dismiss, courts must "eschew any reliance on bald assertions [or] unsupportable conclusions." *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 67-68 (1st Cir. 2004). "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, [the] complaint cannot pass Rule 12(b)(6) muster." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988).

### 2. *Plaintiff Has Failed To State A Claim Against General Dynamics Corporation.*

Taking as true all the facts alleged by Plaintiffs, and drawing all reasonable inferences from those facts, they are simply insufficient to sustain liability against GD. GD cannot be held liable for the acts of BIW absent extraordinary circumstances neither alleged nor present here.

As is clear on the face of the Complaint, BIW is a Maine corporation. *See* Complaint at ¶ 4. It is also a subsidiary of GD, *see* Complaint at ¶ 6, which means that GD is the lone shareholder in BIW. As a shareholder in a corporation organized under the laws of Maine, GD is *not liable* for the acts of the corporation absent some conduct on GD's part that makes it so liable. *See* 13-C M.R.S.A. § 623 ("a shareholder of a corporation is not personally liable for the acts or debts of the corporation except that the shareholder may become personally liable by reason of the shareholder's acts or conduct").

The highest courts of both Maine and Massachusetts have expressed the fundamental principle that a shareholder in a corporation -- which includes that corporation's parent -- cannot be held liable for the acts of the corporation absent extraordinary circumstances.[1] *See Curtis v. Lehigh Footwear, Inc.*, 516 A.2d 558, 560 (Me. 1986) (holding that a parent could not be held liable for a subsidiary's acts and stating, "In the absence of bad faith, the corporate entity will not be disregarded to extend liability for corporate debt to shareholders"); *My Bread Baking Co. v. Cumberland Farms, Inc.*, 353 Mass. 614, 618, 233 N.E.2d 748, 751 (1968) ("[C]orporations are

---

[1] The law that will apply to this case is most likely that of Maine. This is because "[t]raditionally, in matters of tort, the courts of this Commonwealth apply the substantive laws of the jurisdiction wherein the tort occurred." *Cosme v. Whitin Mach. Works, Inc.*, 632 N.E.2d 832, 834, 417 Mass. 643, 645 (Mass. 1994). In this case, that state is Maine. *See* Complaint at ¶¶ 8-15. However, in the interest of simplifying this issue by removing choice-of-law issues from the equation entirely, Defendants will analyze the question under the laws of both Maine and Massachusetts, which yield the same result.

4

1026005.1

generally to be regarded as separate from each other and from their respective stockholders"); *see also Hoffman v. Optima Systems, Inc.*, 683 F.Supp. 865, 870 (D. Mass. 1988) ("Under Massachusetts law, corporations are generally regarded as separate from each other and from the respective shareholders").

Under Maine law, a shareholder may not be made liable for a corporation's acts unless: (1) there has been "some misuse of the privilege of the corporate form"; *and* (2) there would be "an inequitable result" from recognizing the corporate form. *Johnson v. Exclusive Properties Unlimited*, 720 A.2d 568, 572 (Me. 1998). Similarly, under Massachusetts law, the corporate veil may not be pierced unless: (1) there was "pervasive control" or a "confused intermingling" between the two entities, with "substantial disregard" of the corporate form; *and* (2) piercing the corporate veil is necessary to defeat fraud or wrong or to prevent gross inequity. *My Bread Baking*, 353 Mass. at 619-20, 233 N.E.2d at 751; *NCR Credit Corp. v. Underground Camera, Inc.*, 581 F. Supp. 609, 612 (D. Mass. 1984). "Only in those rare situations in which these two conditions exist may a court properly invoke the equitable doctrine of corporate disregard." *NCR Credit Corporation*, 581 F. Supp. at 612.

There is absolutely nothing in Plaintiffs' Complaint to suggest that either of these requirements, *both* of which must be present, are present in this case. Plaintiffs have not alleged that there has been any such misuse of the privilege of the corporate form, nor that they have any reason to suspect such misuse. Furthermore, Plaintiffs have not alleged that there would be any inequity to them were this Court to respect BIW's corporate form. The Complaint therefore fails to allege any relationship between GD and BIW that would make GD liable for BIW's tortious acts.

This matter is ripe for decision on a motion to dismiss. In cases where a complaint is brought against a shareholder of an alleged tortfeasor, yet the complaint does not contain any facts from which it can be inferred that the corporate veil should be pierced, this Court dismisses the claim. *See, e.g., Cullen v. Darvin*, 132 B.R. 211 (D. Mass. 1991) (granting lone shareholder's motion to dismiss where plaintiff had alleged some intermingling between two entities, but no inequity, thus falling short of the standard for piercing the corporate veil under Massachusetts law); *Omni-Wave Electronics Corp. v. Marshall Indus.*, 127 F.R.D. 644, 646-48 (D. Mass. 1989) (dismissing claim based on piercing the corporate veil because "there is simply no pleading of facts … upon which to base a finding that corporate disregard is necessary to defeat the effects of a fraud or wrong or to prevent gross inequity in this case"). The Plaintiffs here have alleged even less than the plaintiffs in *Cullen* and *Omni-Wave*; they have not alleged intermingling of assets or disregard of the corporate form in the first place, let alone that inequity would result if the corporate forms were not disregarded. In accordance with these holdings, this Court should grant GD's motion to dismiss for failure to state a claim upon which relief may be granted.

B.  **Plaintiffs' Claims Should be Dismissed Or, In the Alternative, Transferred to the District of Maine for Improper Venue.**

   1.  ***Legal Standard***

In this motion, Defendants BIW and GD assert that venue is improper in the District of Massachusetts under 28 U.S.C. § 1391(a). Once a defendant has challenged venue as statutorily improper, the *plaintiff* has the burden of establishing that venue is proper in the district in which the case has been brought. *See Cordis Corp. v. Cardiac Pacemakers*, 599 F.2d 1085, 1086 (1st Cir. 1979).

Alternatively, in the event that this Court decides that venue is proper in Massachusetts, BIW and GD urge that this case should be transferred "[f]or the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a). In a motion to transfer under Section 1404(a), the party asserting the motion has the burden of establishing that the case should be transferred. *Workgroup Tech. Corp. v. MGM Grand Hotel, LLC*, 246 F. Supp. 2d 102, 116 (D. Mass. 2003).

### 2. *Venue Is Improper in Massachusetts Under 28 U.S.C. § 1391(a).*

In order to establish that venue is proper under Title 28, Section 1391(a), which provides the authorization for venue in a diversity case such as this, Plaintiffs must establish that the District of Massachusetts is:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C.A. § 1391(a).

Plaintiffs' only potential basis for venue in this case is subsection (a)(2). As Plaintiffs have admitted, neither of the two Defendants resides in Massachusetts, so they have failed to meet the condition of subsection (a)(1). See Complaint ¶¶ 4-5. Plaintiffs have similarly failed to fulfill subsection (a)(3), in that venue would certainly lie in the District of Maine, where the alleged injury took place. Plaintiffs *must* therefore establish that "a substantial part of the events or omissions giving rise to the claim occurred" in the District of Massachusetts.

Plaintiffs cannot meet this necessary condition. In the Complaint, Plaintiffs state only that they live in Massachusetts and that their "claims arise out of the defendants['] transacting

7

business in the Commonwealth of Massachusetts and contracting to supply service or things in the Commonwealth." Complaint ¶¶ 1-2, 7. However, Plaintiffs' claims are for personal injury due to what they allege was negligent handling of a forklift on the part of one or more BIW employees. This claim did not "arise out of" any business in Massachusetts. To the contrary, all relevant events took place in Maine. Plaintiffs admit this implicitly in the Complaint's recital of their "Factual Allegations": their narrative begins when Plaintiff is en route to Bath, Maine; he arrives in Maine; he and the BIW employees discuss how to offload the steel pipes; he circles around to the other side of the truck during the offloading process; the steel pipes fall on him; he suffers injury. Complaint ¶¶ 8-15. All of these alleged facts took place in Maine. This is a relatively straightforward personal-injury claim, where the events immediately preceding the injury will be the events out of which Plaintiffs' claims for damages, if any, "arose." None of these events took place in Massachusetts, and therefore venue is improper here under § 1391(a).

Because venue is improper under § 1391(a), this Court has the option of either dismissing this case or transferring it to a district that would be a proper venue. 28 U.S.C. § 1406(a). Defendants therefore urge the Court to either dismiss the case or, in the alternative, to transfer it to the District of Maine, where the requirements of § 1391(a)(3) would clearly be satisfied.

### 3. Even If Venue Were Proper in Massachusetts, This Court Should Transfer This Case To The District of Maine Under 28 U.S.C. § 1404(a)

Defendants maintain that venue is improper in the District of Massachusetts under Section 1391(a) and that therefore this Court must either dismiss or transfer the case. However, even if venue *were* proper under Section 1391, this Court may, "[f]or the convenience of parties and witnesses, in the interest of justice, ... transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Defendants therefore urge

1026005.1

this Court, in the alternative, to transfer this case to the District of Maine, where it would better suit the interests of justice.

This decision is within the discretion of the Court, which considers factors related to both private and public interests in making this decision. The private interests identified by this Court as important include:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; and (6) any practical problems associated with trying the case most expeditiously and inexpensively.

*Atari v. United Parcel Service, Inc.*, 211 F. Supp. 2d 360 (D. Mass. 2002) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)). Public interests to be protected include:

> (1) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (2) the avoidance of unnecessary problems in conflicts of laws, or in the application of foreign law; (3) the local interest in having localized controversies decided at home; (4) the unfairness of burdening citizens in an unrelated forum with jury duty; and (5) administrative difficulties flowing from court congestion.

*Id.*

Taking these factors into account, venue in Maine would clearly better serve the interests of justice. As to the convenience of the parties and witnesses: although Plaintiffs live in Massachusetts, there will be far more witnesses in Maine. Most of the witnesses to the relevant events will be employees of BIW who were present when the pipes were being unloaded or during the other events at issue. *See, e.g.*, Fitzgerald Aff. at ¶ 3. There would be a serious disruption to BIW's operations if these employees were absent from work to attend an out-of-state trial. *Id.* at ¶ 4. Similarly, any medical personnel who witnessed Plaintiff's condition and who treated him immediately subsequent to the events will be located in Maine. *Id.* at ¶ 3.

Furthermore, any investigation of the site of the event will have to take place in Maine, meaning that "sources of proof" other than witnesses will be located in Maine. Private interests will therefore be better served by venue in Maine.

As to the public interests, they, too, would be better served by proceedings in Maine. Maine is the forum more "at home" with the governing law. If Massachusetts choice-of-law principles are applied to this action, Maine will be the jurisdiction whose law applies, as that is where the injury occurred. *See Cosme v. Whitin Mach. Works, Inc.*, 632 N.E.2d 832, 834, 417 Mass. 643, 645 (Mass. 1994) ("Traditionally, in matters of tort, the courts of this Commonwealth apply the substantive laws of the jurisdiction wherein the tort occurred"). This Court has considered the fact that the law of the another forum will govern as a "convincing" factor in deciding to transfer a case. *Atari*, 211 F. Supp. 2d at 365. Here, that state is Maine. The District Court of Maine is, by nature of its location, more "at home" with Maine law.

Second, there is a convincing local interest in having this case tried in Maine, as the Bath Iron Works shipyard, where this incident took place, has a substantial presence in Maine, currently and historically. Plaintiffs' allegation that BIW employees were acting in an unsafe or negligent manner is a localized controversy that should be decided in Maine.

Finally, this Court should consider the "administrative difficulties flowing from court congestion" that are relatively more prevalent in Plaintiffs' chosen venue. Due to differences in caseload, the docket speed in the District of Maine is far faster than in the District of Massachusetts. The case would move more quickly through the court in the District of Maine, thus serving the interest of justice and the interest of the courts generally by more evenly distributing caseloads and by more quickly relieving the court system of this matter.

1026005.1

For all of these reasons, the factors considered by this Court in whether to award transfer pursuant to Section 1404(a) point convincingly toward the District of Maine as the preferred venue. Indeed, in a case that was very similar to this one in relevant ways, this Court granted the defendant's motion to transfer: in *Atari v. United Parcel Service,* this Court ordered a transfer to the District of New Jersey under § 1404(a) in a case where the plaintiff, a Massachusetts resident, was injured at a New Jersey facility to which he had been sent by his Massachusetts employer. *Atari v. United Parcel Service, Inc.*, 211 F. Supp. 2d 360 (D. Mass. 2002). In making its decision, the Court cited the fact that the witnesses to the incident would be mostly the New Jersey facility's employees, who were located in New Jersey. *Id.* at 365. The Court noted that the law that would apply to the case was New Jersey's. *Id.* And finally, the Court found that "[t]he fact that the incident that lies at the heart of [the] civil action occurred in New Jersey lends additional support" to the decision to transfer. *Id.* Here, similarly, the witnesses to the incident will be mostly BIW's Maine employees, who are located in Maine; the law that will apply to this case is Maine's; and the incident that lies at the heart of Plaintiff's claim – the falling of steel pipes upon him – occurred in Maine. Therefore, this Court, as it did in *Atari*, should grant Defendants' motion to transfer this case to the District of Maine.

## IV.   CONCLUSION

In support of the claims they assert against General Dynamics Corporation, Plaintiffs allege only that BIW, the entity they allege tortiously injured them, is a wholly owned subsidiary of GD. Under the laws of both Maine and Massachusetts, that allegation is simply insufficient to state a claim against GD. Therefore, GD's motion to dismiss for failure to state a claim upon which relief may be granted should be granted. Furthermore, Plaintiffs have brought their claims

11

in an improper venue. This case should therefore be dismissed in its entirety or, in the alternative, transferred to the District of Maine.

**WHEREFORE**, Defendants respectfully request that this Court enter an Order: (1) dismissing Plaintiffs' claims against Defendant General Dynamics Corporation in their entirety for failure to state a claim upon which relief may be granted; and (2) dismissing Plaintiffs' claims in their entirety, or in the alternative transferring them to the District of Maine, for improper venue.

Dated: May 27, 2005

Respectfully submitted,

BATH IRON WORKS CORPORATION AND
GENERAL DYNAMICS CORPORATION,

By their Attorneys,

Mark L. Haley, BBO# 217260
Timothy J. Perry, BBO# 631397
PRETI FLAHERTY
BELIVEAU PACHIOS & HALEY
10 High Street, Suite 502
Boston, MA  02110

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all counsel of record by placing same addressed to said counsel in First Class U.S. Mail, postage pre-paid.

Dated: May 27, 2005

Timothy J. Perry

1026005.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS BINNALL and SUSAN BINNALL,<br><br>Plaintiffs,<br><br>v.<br><br>BATH IRON WORKS CORPORATION and GENERAL DYNAMICS CORPORATION,<br><br>Defendants. | Civil Action No. 05-cv-11071-MEL<br><br>AFFIDAVIT OF<br>JON A. FITZGERALD, ESQ.<br><br>(SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE) |

Mr. Jon A. Fitzgerald, Esq., being duly sworn, deposes and says:

All statements made in this Affidavit are made on my own personal knowledge.

2. am Vice President, General Counsel and Clerk of Bath Iron Works Corporation ("BIW"), a Maine corporation with a place of business at 700 Washington Street, Bath, Maine.

3. The following is a list of witnesses that, at the present time, BIW expects would likely be called in the above-captioned matter, and the content of their testimony.

| | Name | District of Residence | Content of Testimony |
|---|---|---|---|
| 1 | Daniel J. Flaig | Maine | BIW supervisor who witnessed events at issue |
| 2 | Marc Kruger, M.D. | Maine | Physician who treated Mr. Binnall while in Maine |
| 3 | Allan Kuong, M.D. | Maine | Physician at Mid Coast Hospital in Bath who treated Mr. Binnall |
| 4 | Donald E. Moody | Maine | BIW employee who witnessed events at issue first-hand |
| 5 | Dexter S. Russell | Maine | BIW employee who witnessed events at issue first-hand |
| 6 | Daniel P. Sutton | Maine | BIW employee who witnessed scene immediately after events at issue |

1026598.

| 7 | John Van Orden, M.D. | Maine | Orthopedic surgeon at Mid Coast Hospital in Bath who operated on Mr. Binnall |
| 8 | BIW Corporate Designee | | A corporate designee for BIW, who will be a Maine resident |

4. Absence from work of the BIW employees listed would disrupt BIW's operations.

Dated at Bath, Maine, this 27th day of May, 2005

_____
Fitzgerald

STATE OF MAINE
SAGADAHOC, SS.                                              May 27, 2005

Personally appeared the above-named Jon A. Fitzgerald, Esq., in his capacity as Vice President, General Counsel and Clerk of Bath Iron Works Corporation, and subscribes to the truth of the foregoing statements by him made and that the statements are based upon his own personal knowledge, information and belief.

_____
Notary Public/Attorney-at-Law
Print Name:_____
Commission Expires: _____

SUSAN SPENCER PLUMMER
NOTARY PUBLIC, MAINE
MY COMMISSION EXPIRES JANUARY 4, 2010

1026598.1