Thomas Binnall and SUsan Binnall

vs.

Bath Iron Works Corp. and
General Dynamics Corp.

Removal To US District Court

**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV2005-01460

I, Anne M. Cherubino, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 29th of April, in the year of our Lord, Two Thousand Five

In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 25th of May, in the year of our Lord, Two Thousand Five

*Anne M. Cherubino*

Deputy Assistant Clerk





COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS BINNALL and SUSAN BINNALL, )
        Plaintiffs, )
                   )
                   )
v.                   ) Civil Action No.:
                   )
BATH IRON WORKS CORPORATION and )
GENERAL DYNAMICS CORPORATION, )
        Defendants. )

# 05 - 11071 MEL

**NOTICE OF REMOVAL**

TO:   THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF MASSACHUSETTS

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Bath Iron Works (hereinafter

"BIW") and Defendant General Dynamics Corporation (hereinafter "GDC"), being all

defendants in the above-captioned matter, hereby file this Notice of Removal of the above-

captioned matter from the Superior Court of Middlesex County, Massachusetts, to the United

States District Court for the District of Massachusetts. In support of this Notice, BIW and GDC

respectfully state:

## I.   BASIS FOR JURISDICTION

1.    The United States District Court for the District of Massachusetts has original

jurisdiction over this matter under 28 U.S.C. § 1332(a)(2) and (c)(1), there being complete

diversity between the citizenship of the plaintiffs, Thomas Binnall and Susan Binnall

("Plaintiffs") and that of all defendants and being that the matter in controversy exceeds the sum

of value of $75,000.00, exclusive of interest and costs, as further described below.



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

MAY 23 2005

CLERK

2.      This lawsuit is therefore removable from the Massachusetts Superior Court to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)(1).

3.      In fact, prior to filing this matter in state court, plaintiffs filed a nearly identical Complaint in this Court (Docket No. 05-10536REK). A copy of the Complaint is attached hereto as Exhibit 1. Plaintiffs voluntarily dismissed the complaint on April 15, 2005.

## II.     TIMELINESS OF REMOVAL

4.      On or about April 28, 2005, the plaintiffs filed their Complaint and Jury Demand in the Superior Court of Middlesex County, Massachusetts, Civil Action No. MICV2005-01460 ("the Complaint"). A copy of the Complaint is attached hereto as Exhibit 2.

5.      On May 5, 2005, the defendant BIW received a Summons and the Complaint via registered mail. See Exhibit 3 (summons and letter from plaintiff's attorney, Susan Bourque). The defendant GDC has yet to be served with a Summons and the Complaint.

6.      The time within which BIW are required to file a notice of Removal of this action to this Court has not yet expired. Since BIW did not receive the Summons and Complaint until May 5, 2005, BIW has until at least June 4, 2005 to remove this action. See 28 U.S.C. § 1446(b). GDC had yet to be served. Therefore, pursuant to 28 U.S.C. § 1446(b), the time period within which GDC must remove has not yet begun.

## III.    CITIZENSHIP OF THE PARTIES

7.      The complaint alleges that Plaintiff Thomas Binnall is a citizen of the Commonwealth of Massachusetts and a resident of Waltham, County of Middlesex, Massachusetts. See Exhibit 2.

2

8.    The complaint alleges that Plaintiff Susan Binnall is a citizen of the
Commonwealth of Massachusetts and a resident of Waltham, County of Middlesex,
Massachusetts. See Exhibit 2.

9.    The complaint alleges that Defendant BIW is a Maine corporation with a principal
place of business located in Bath, Maine. See Exhibit 2.

10.   The complaint alleges that the defendant GDC is a Delaware Corporation with
principal place of business located in Falls Church, Virginia. See Exhibit 2.

11.   For purposes of diversity jurisdiction, corporate parties are citizens of both the
state in which they are incorporated and the state in which they maintain their principal place of
business. See 28 U.S.C. § 1332(c)(1).

12.   For the purposes of diversity and removal jurisdiction, BIW is a citizen of Maine.
See 28 U.S.C. § 1332(c)(1).

13.   For purposes of diversity and removal jurisdiction, GDC may be considered a
citizen of both Delaware and Virginia. See 28 U.S.C. § 1332(c)(1).

14.   In order to satisfy the statutory requirement for diversity jurisdiction, all plaintiffs
must be citizens of a different state than all defendants. See 28 U.S.C. § 1332(c)(1).

15.   In the case at bar, all Plaintiffs are citizens of Massachusetts, Defendant BIW is a
citizen of Maine, and GDC is a citizen of both Delaware and Virginia.

16.   Complete diversity exists between Plaintiffs and Defendants, satisfying the
jurisdictional requirements of 28 U.S.C. § 1332(a)(1) and (c)(1).

## IV.    JURISDICTION AMOUNT FOR DIVERSITY JURISDICTION

17.    While the complaint does not state a specific amount in controversy, the removing Defendants have a good-faith belief that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a).

18.    The allegations contained in the complaint allege that Plaintiff Thomas Binnall "sustained extremely serious and permanent and physical injuries, including multiple compound fractures requiring surgical revision, profound emotional distress, pain and suffering, lost wages, and impaired past and future earning capacity." See Exhibit 2.

19.    Additionally, Plaintiffs filed a Civil Action coversheet along with their compliant in the Middlesex County Superior Court. The Civil Action coversheet is attached hereto as Exhibit 4. Plaintiffs assert $363,430.19 in actual damages, which includes medical bills and past and future lost wages.

20.    Based upon these allegations, the removing Defendants have a good-faith belief that this controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## V.    MISCELLANEOUS REMOVAL REQUIREMENTS

21.    Written notices of the filing of this notice of removal shall be served on all adverse parties, as required by 28 U.S.C. § 1446(d).

22.    A true copy of this notice of removal shall be filed with the Middlesex Superior Court and served on all adverse parties, as provided by 28 U.S.C. § 1446(a).

23.    The State Court summons and complaint, attached hereto as Exhibits 2 and 3, are the only pleadings, process, or other papers filed in the State Court action. Pursuant to Local Rule 81.1(a), within 30 days of the filing of this notice of removal, the removing Defendants will

4

file certified or attested copies of all records and proceedings in the State Court and a certified or
attested copy of all docket entries in the State Court.

**WHEREFORE**, the defendants General Dynamics Corporation and Bath Iron Works
Corporation respectfully request that this Civil Action be removed from the Superior Court of
Middlesex County to this the Federal District Court for the District of Massachusetts, that this
Court accept jurisdiction of this action, and henceforth that this action be placed on the docket of
this Court for further proceedings such that the parties and the Court proceed as though this
action had originally been instituted in the Federal District Court for the District of
Massachusetts.

Respectfully submitted,

**DEFENDANTS BATH IRON
WORKS CORPORATION and
GENERAL DYNAMICS CORPORATION,**

By their attorneys,

Timothy J. Perry (BBO# 631397)
PRETI, FLAHERTY LLP
10 High Street, Suite 502
Boston, MA 02110
Dated: May 23, 2005                          (617) 226-3800
                                             (617) 226-3801

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served upon all
counsel of record via pre-paid First Class, United States Mail.

Dated: May 23, 2005

Timothy J. Perry

5

RECEIPT # 62936
AMOUNT $ X 50
SUMMONS ISSUED X 2
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK ___
DATE 3 -21-05

FILED
CLERKS OFFICE

2005 MAR 21 P 2: 32

U.S. DISTRICT COURT

## UNITED STATES DISCTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

THOMAS BINNALL and )
SUSAN BINNALL, )
    Plaintiffs, )
                    )
                    )
v.                    )
                    )
BATH IRON WORKS CORPORATION )
GENERAL DYNAMICS )
CORPORATION, )
    Defendants. )

## PLAINTIFFS' COMPLAINT
## AND JURY DEMAND

# 05    10536 REK

## GENERAL ALLEGATIONS

MAGISTRATE JUDGE _Alexander_

1. The plaintiff, Thomas Binnall, is a citizen of the Commonwealth of Massachusetts and a resident of Waltham, County of Middlesex.

2. The plaintiff, Susan Binnall, is a citizen of the Commonwealth of Massachusetts and a resident of Waltham, County of Middlesex.

3. At all times relevant hereto, the plaintiff, Susan Binnall was and is the wife of Thomas Binnall.

4. The defendant, Bath Iron Works Corporation ("Bath Iron Works"), is a Maine corporation with a principal place of business located in Bath, Maine.

5. The defendant, General Dynamics Corporation ("General Dynamics"), is a Delaware corporation with a principal place of business located in Falls Church, Virginia.

6. At all times relevant hereto, Bath Iron Works was a wholly owned subsidiary of General Dynamics.

7. Diversity jurisdiction exists pursuant to 28 U.S.C.A. 1332.

8. Personal jurisdiction over the defendants exist pursuant to M.G.L. c. 223A, §§3(a) and (b). The plaintiffs' claims arise out of the defendants transacting business in the Commonwealth of Massachusetts and contracting to supply services or things in the Commonwealth. The defendants also regularly do or solicit business and derive substantial revenue from goods used or consumed in



the Commonwealth of Massachusetts, and both defendants maintain "foreign business certificates" with the Massachusetts Secretary of State.

## FACTUAL ALLEGATIONS

9. On or about July 2, 2002, the plaintiff was employed as a truck driver by USF Logistics ("USF") and had been dispatched to Bath Iron Works to deliver a load of steel pipes.

10. On or about July 2, 2002, the plaintiff arrived at Bath Iron Works ("Bath") and alerted the receiving department that he had a shipment of steel pipe that required off-loading from his trailer. The pipes ranged in length between 20 to 23 feet long and ¾ to 6 inches in diameter.

11. Bath Iron Works' receiving department advised Mr. Binnall that the crane operator was not available to off-load his shipment and they would be unable to accept his shipment.

12. Another Bath Iron Works employee then advised Mr. Binnall that he would in fact be able to off-load his shipment of steel pipes using a fork-lift.

13. As requested, Mr. Binnall then returned to his truck and prepared his shipment for off-loading by one or more of Bath Iron Works' agents, servants, and/or employees.

14. While Mr. Binnall was in the process of removing a strap located near the driver's side of his truck, a Bath Iron Works' agent, servant, and/or employee suddenly and without warning to the plaintiff, attempted to lift the steel pipe off the plaintiff's truck using a forklift.

15. In doing so, a steel band that bound several of the steel pipes broke free causing the steel pipes to fall directly on the plaintiff's head and body, pinning the plaintiff and crushing his lower extremities.

16. As a result of the incident, Mr. Binnall sustained extremely serious and permanent physical injuries, including multiple compound fractures requiring surgical revision, profound emotional distress, pain and suffering, lost wages, and impaired past and future earning capacity

17. As a direct and proximate result of the defendant's negligence, Mrs. Binnall was caused to sustain the loss of her husband's care, comfort, and society (collectively referred to as "loss of consortium").

## COUNT 1

## CLAIM OF THE PLAINTIFF, THOMAS BINNALL, AGAINST THE DEFENDANT, BATH IRON WORKS CORPORATION, FOR PERSONAL INJURIES AND RELATED LOSSES PREDICATED ON NEGLIGENCE.

18. The plaintiff repeats, realleges and incorporates fully herein paragraphs 1 through 17.

19. On or about July 2, 2002, the plaintiff was a lawful visitor to Bath Iron Works, in Bath, Maine.

20. On or about July 2, 2002, one or more Bath Iron Works' employees negligently off-loaded steel pipe from the plaintiff's 50-foot flat-bed trailer causing the pipes to fall from the trailer bed and directly upon Mr. Binnall's head and legs, causing him to sustain serious and permanent injuries and related losses.

21. As a direct and proximate result of the defendant's negligence, the plaintiff was caused to suffer and did suffer extremely serious personal injuries, including great pain of body and anguish of mind, and incurred substantial medical expenses and related economic losses.

22. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, Bath Iron Works Corporation, in an amount deemed fair and reasonable to fully compensate him for all of his incident related injuries and losses, together with interest and costs.

**WHEREFORE**, the plaintiff, Thomas Binnall, demands judgment against the defendant, Bath Iron Works Corporation, in an amount deemed fair and reasonable to fully compensate him for all of his incident-related injuries and losses, together with interest and costs

## COUNT II

## CLAIM OF THE PLAINTIFF, THOMAS BINNALL, AGAINST THE DEFENDANT, GENERAL DYNAMICS CORPORATION, FOR PERSONAL INJURIES AND RELATED LOSSES PREDICATED ON NEGLIGENCE.

23. The plaintiff repeats, realleges and incorporates fully herein paragraphs 1 through 22.

24. On or about July 2, 2002, the plaintiff was a lawful visitor to Bath Iron Works, in Bath, Maine.

25. On or about July 2, 2002, one or more Bath Iron Works' employees negligently off-loaded steel pipe from the plaintiff's 50-foot flat-bed trailer causing the pipes

to fall from the trailer bed and directly upon Mr. Binnall's head and legs, causing him to sustain serious and permanent injuries and related losses.

26. As a direct and proximate result of the defendant's negligence, the plaintiff was caused to suffer and did suffer extremely serious personal injuries, including great pain of body and anguish of mind, and incurred substantial medical expenses and related economic losses.

27. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, General Dynamics Corporation, in an amount deemed fair and reasonable to fully compensate him for all of his incident related injuries and losses, together with interest and costs.

WHEREFORE, the plaintiff, Thomas Binnall, demands judgment against the defendant, General Dynamics Corporation, in an amount deemed fair and reasonable to fully compensate him for all of his incident-related injuries and losses, together with interest and costs

## COUNT III

### CLAIM OF THE PLAINTIFF, SUSAN BINNALL, AGAINST THE DEFENDANT, BATH IRON WORKS CORPORATION, FOR THE LOSS OF HER HUSBAND'S CARE, COMFORT, AND SOCIETY (COLLECTIVIELY REFERRED TO AS "LOSS OF CONSORTIUM")

28. The plaintiff repeats, realleges, and incorporates fully herein paragraphs 1 through 27.

29. As a direct and proximate result of the defendant's negligence and her husband's resulting injuries, the plaintiff was caused to sustain a significant loss of consortium.

30. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, Bath Iron Works Corporation, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related injuries and losses, together with interest and costs.

WHEREFORE, the plaintiff, Susan Binnall, demands judgment against the defendant, Bath Iron Works Corporation, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related injuries and losses, together with interest and costs

## COUNT IV

### CLAIM OF THE PLAINTIFF, SUSAN BINNALL, AGAINST THE DEFENDANT, GENERAL DYNAMICS CORPORATION, FOR THE LOSS OF HER HUSBAND'S CARE, COMFORT, AND SOCIETY (COLLECTIVIELY REFERRED TO AS "LOSS OF CONSORTIUM")

31. The plaintiff repeats, realleges, and incorporates fully herein paragraphs 1 through 30.

32. As a direct and proximate result of the defendant's negligence and her husband's resulting injuries, the plaintiff was caused to sustain a significant loss of consortium.

33. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, General Dynamics Corporation, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related injuries and losses, together with interest and costs.

**WHEREFORE**, the plaintiff, Susan Binnall, demands judgment against the defendant, General Dynamics Corporation, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related injuries and losses, together with interest and costs

### DEMAND FOR JURY TRIAL

The Plaintiffs claims trial by jury on all Counts.

Respectfully submitted,
The Plaintiffs,
By their Attorneys,

Eric J. Parker, Esq. BBO# 549513
Susan M. Bourque, Esq. BBO# 647195
Parker | Scheer LLP
One Constitution Center
Boston, MA  02129
(617) 886-0500

Dated:



COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPT.
C.A. No.

**05-1460**

THOMAS BINNALL and )
SUSAN BINNALL, )
    Plaintiffs, )
                     )
v. )
                     )
BATH IRON WORKS CORPORATION )
and GENERAL DYNAMICS )
CORPORATION, )
    Defendants. )

**PLAINTIFFS' COMPLAINT
AND JURY DEMAND**

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
APR 29 2005
CLERK

### GENERAL ALLEGATIONS

1. The plaintiff, Thomas Binnall, is a citizen of the Commonwealth of Massachusetts and a resident of Waltham, County of Middlesex.

2. The plaintiff, Susan Binnall, is a citizen of the Commonwealth of Massachusetts and a resident of Waltham, County of Middlesex.

3. At all times relevant hereto, the plaintiff, Susan Binnall was and is the wife of Thomas Binnall.

4. The defendant, Bath Iron Works Corporation ("Bath Iron Works"), is a Maine corporation with a principal place of business located in Bath, Maine.

5. The defendant, General Dynamics Corporation ("General Dynamics"), is a Delaware corporation with a principal place of business located in Falls Church, Virginia.

6. At all times relevant hereto, Bath Iron Works was a wholly owned subsidiary of General Dynamics.

7. Personal jurisdiction over the defendants, Bath Iron Works and General Dynamics, exist pursuant to M.G.L. c. 223A, §§3(a) and (b). The plaintiffs' claims arise out of the defendants transacting business in the Commonwealth of Massachusetts and contracting to supply services or things in the Commonwealth. The defendants also regularly do or solicit business and derive substantial revenue from goods used or consumed in the Commonwealth of Massachusetts, and both

defendants maintain "foreign business certificates" with the Massachusetts Secretary of State.

## FACTUAL ALLEGATIONS

8. On or about July 2, 2002, the plaintiff was employed as a truck driver by USF Logistics ("USF") and had been dispatched to Bath Iron Works to deliver a load of steel pipes.

9. On or about July 2, 2002, the plaintiff arrived at Bath Iron Works ("Bath") and alerted the receiving department that he had a shipment of steel pipe that required off-loading from his trailer. The pipes ranged in length between 20 to 23 feet long and ¾ to 6 inches in diameter.

10. Bath Iron Works' receiving department advised Mr. Binnall that the crane operator was not available to off-load his shipment and they would be unable to accept his shipment.

11. Another Bath Iron Works employee then advised Mr. Binnall that he would in fact be able to off-load his shipment of steel pipes using a fork-lift.

12. As requested, Mr. Binnall then returned to his truck and prepared his shipment for off-loading by one or more of Bath Iron Works' agents, servants, and/or employees.

13. While Mr. Binnall was in the process of removing a strap located near the driver's side of his truck, a Bath Iron Works' agent, servant, and/or employee suddenly and without warning to the plaintiff, attempted to lift the steel pipe off the plaintiff's truck using a forklift.

14. In doing so, a steel band that bound several of the steel pipes broke free causing the steel pipes to fall directly on the plaintiff's head and body, pinning the plaintiff and crushing his lower extremities.

15. As a result of the incident, Mr. Binnall sustained extremely serious and permanent physical injuries, including multiple compound fractures requiring surgical revision, profound emotional distress, pain and suffering, lost wages, and impaired past and future earning capacity

16. As a direct and proximate result of the defendant's negligence, Mrs. Binnall was caused to sustain the loss of her husband's care, comfort, and society (collectively referred to as "loss of consortium").

## COUNT 1

### CLAIM OF THE PLAINTIFF, THOMAS BINNALL, AGAINST THE DEFENDANT, BATH IRON WORKS CORPORATION, FOR PERSONAL INJURIES AND RELATED LOSSES PREDICATED ON NEGLIGENCE.

17. The plaintiff repeats, realleges and incorporates fully herein paragraphs 1 through 16.

18. On or about July 2, 2002, the plaintiff was a lawful visitor to Bath Iron Works, in Bath, Maine.

19. On or about July 2, 2002, one or more Bath Iron Works' employees negligently off-loaded steel pipe from the plaintiff's 50-foot flat-bed trailer causing the pipes to fall from the trailer bed and directly upon Mr. Binnall's head and legs, causing him to sustain serious and permanent injuries and related losses.

20. As a direct and proximate result of the defendant's negligence, the plaintiff was caused to suffer and did suffer extremely serious personal injuries, including great pain of body and anguish of mind, and incurred substantial medical expenses and related economic losses.

21. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, Bath Iron Works Corporation, in an amount deemed fair and reasonable to fully compensate him for all of his incident related injuries and losses, together with interest and costs.

WHEREFORE, the plaintiff, Thomas Binnall, demands judgment against the defendant, Bath Iron Works Corporation, in an amount deemed fair and reasonable to fully compensate him for all of his incident-related injuries and losses, together with interest and costs

## COUNT II

### CLAIM OF THE PLAINTIFF, THOMAS BINNALL, AGAINST THE DEFENDANT, GENERAL DYNAMICS CORPORATION, FOR PERSONAL INJURIES AND RELATED LOSSES PREDICATED ON NEGLIGENCE.

22. The plaintiff repeats, realleges and incorporates fully herein paragraphs 1 through 21.

23. On or about July 2, 2002, the plaintiff was a lawful visitor to Bath Iron Works, in Bath, Maine.

24. On or about July 2, 2002, one or more Bath Iron Works' employees negligently off-loaded steel pipe from the plaintiff's 50-foot flat-bed trailer causing the pipes to fall from the trailer bed and directly upon Mr. Binnall's head and legs, causing him to sustain serious and permanent injuries and related losses.

25. As a direct and proximate result of the defendant's negligence, the plaintiff was caused to suffer and did suffer extremely serious personal injuries, including great pain of body and anguish of mind, and incurred substantial medical expenses and related economic losses.

26. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, General Dynamics Corporation, in an amount deemed fair and reasonable to fully compensate him for all of his incident related injuries and losses, together with interest and costs.

**WHEREFORE**, the plaintiff, Thomas Binnall, demands judgment against the defendant, General Dynamics Corporation, in an amount deemed fair and reasonable to fully compensate him for all of his incident-related injuries and losses, together with interest and costs

## COUNT III

### CLAIM OF THE PLAINTIFF, SUSAN BINNALL, AGAINST THE DEFENDANT, BATH IRON WORKS CORPORATION, FOR THE LOSS OF HER HUSBAND'S CARE, COMFORT, AND SOCIETY (COLLECTIVELY REFERRED TO AS "LOSS OF CONSORTIUM")

27. The plaintiff repeats, realleges, and incorporates fully herein paragraphs 1 through 26.

28. As a direct and proximate result of the defendant's negligence and her husband's resulting injuries, the plaintiff was caused to sustain a significant loss of consortium.

29. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, Bath Iron Works Corporation, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related injuries and losses, together with interest and costs.

**WHEREFORE**, the plaintiff, Susan Binnall, demands judgment against the defendant, Bath Iron Works Corporation, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related injuries and losses, together with interest and costs

## COUNT IV

### CLAIM OF THE PLAINTIFF, SUSAN BINNALL, AGAINST THE DEFENDANT, GENERAL DYNAMICS CORPORATION, FOR THE LOSS OF HER HUSBAND'S CARE, COMFORT, AND SOCIETY (COLLECTIVIELY REFERRED TO AS "LOSS OF CONSORTIUM")

30. The plaintiff repeats, realleges, and incorporates fully herein paragraphs 1 through 29.

31. As a direct and proximate result of the defendant's negligence and her husband's resulting injuries, the plaintiff was caused to sustain a significant loss of consortium.

32. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, General Dynamics Corporation, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related injuries and losses, together with interest and costs.

**WHEREFORE**, the plaintiff, Susan Binnall, demands judgment against the defendant, General Dynamics Corporation, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related injuries and losses, together with interest and costs

### PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS

Respectfully submitted,
The Plaintiffs,
By their Attorneys,

Eric J. Parker, Esq. BBO# 549513
Susan M. Bourque, Esq. BBO# 647195
Parker | Scheer LLP
One Constitution Center
Boston, MA  02129
(617) 886-0500

Dated: 4-28-2005

**PARKER** | **SCHEER** LLP

One Constitution Cen[
Boston, Massachuset[
02129

Telephone
617.886.0500

Facsimile
617.886.0100

25 Mall Road
Suite 300
Burlington, Massachus[
01803

Telephone
781.425.6055

32 Court Street
Plymouth, Massachuse[
02360

Telephone
508.830.9460

www.parkerscheer.com

May 2, 2005

<u>**VIA CERTIFIED MAIL R.R.R.**</u>
**7004 1160 0004 3110 2215**

Bath Iron Works Corporation
700 Washington Street
Bath, ME 04530

Re:     <u>**Thomas Binnall, et al. v. Bath Iron Works, Inc., et al.**</u>
        **C.A. No. 05-1460**

To Officer, Agent, Person in Charge of Business:

        Pursuant to Massachusetts Rules of Civil Procedure 4(e)(3), the plaintiffs in the
above-captioned matter are hereby serving civil process upon Bath Iron Works
Corporation, via certified mail, return receipt requested. Enclosed please find copies of
the Plaintiffs' Complaint, Civil Action Cover Sheet, and Summons.

        Please respond accordingly.

                                        Very truly yours,

                                        Susan M. Bourque

Enclosures

TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED: ---
TORT --- MOTOR VEHICLE TORT --- CONTRACT ---
EQUITABLE RELIEF --- OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

.......... MIDDLESEX .......... , ss
[seal]

No.  *05-1460*

*Thomas Binnall and*
*Susan Binnall* , Plaintiff(s)

*Bath Iron Works corporation and*
*General Dynamics Corp.* , Defendant(s)

## SUMMONS

To the above-named Defendant: *Bath Iron Works corporation*

You are hereby summoned and required to serve upon *Eric J. Parker* ..........

.......... plaintiff's attorney, whose address is *One Constitution*

*Center, Boston MA 02129* .........., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at *Cambridge, MA*

.......... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**

Witness, ~~Suzanne V. DelVecchio~~, Esquire, at ..........

the .......... *3rd* .......... day of *May* ..........

.........., in the year of our Lord *2005* .......... .

*Edward J Sullivan*
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original hereof in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...............................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

........................................................................................................................................

........................................................................................................................................

........................................................................................................................................

.................................................................................................

Dated: ...........................................................................................................

## N.B.  TO PROCESS SERVER:

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

(_____)

(  ............................................., .........)

(_____)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ..........., ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-1460

Thomas Birrall and
Susan Birrall ............., Plff.

Bosh Wun Works Corporation;
General Dynamics Corp. ......, Deft.

SUMMONS
(Mass. R. Civ. P. 4)

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: _Middlesex_ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Thomas Binnall and Susan Binnall | Bath Iron Works Corporation and General Dynamics Corpora |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Susan M. Bourque Parker Scheer LLP 1 Constitution Center Boston, MA 02129 Board of Bar Overseers number: 647195 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial). (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X).
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial)  (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| 804 | Personal Injury | ( F ) | ( ✓ Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $ 85,285.19
2. Total Doctor expenses .............................................. $ 475.00
3. Total chiropractic expenses ....................................... $ .
4. Total physical therapy expenses ................................. $ 2,670.00
5. Total other expenses (describe) ................................... $ .
   Subtotal $ 88,430.19
B. Documented lost wages and compensation to date .......... $ 110,000.00
C. Documented property damages to date ....................... $ .
D. Reasonably anticipated future medical and hospital expenses ... $ .
E. Reasonably anticipated lost wages .............................. $ 165,000.00
F. Other documented items of damages (describe)
   $ .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Open right tibia/fibula fracture, multiple contusions about the head, wrist/hand injuries.
   $ .
   TOTAL $ 363,430.19

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 4-28-05

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPT.
C.A. No. **05-1460**

THOMAS BINNALL and  )
SUSAN BINNALL,  )
    Plaintiffs,  )
                  )
                  )
v.  )
                  )
BATH IRON WORKS CORPORATION  )
and GENERAL DYNAMICS  )
CORPORATION,  )
    Defendants.  )
                  )

**PLAINTIFFS' COMPLAINT
AND JURY DEMAND**

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
MIDDLESEX

APR 29 2005

Edward J. Sullivan
CLERK

## GENERAL ALLEGATIONS

1. The plaintiff, Thomas Binnall, is a citizen of the Commonwealth of Massachusetts and a resident of Waltham, County of Middlesex.

2. The plaintiff, Susan Binnall, is a citizen of the Commonwealth of Massachusetts and a resident of Waltham, County of Middlesex.

3. At all times relevant hereto, the plaintiff, Susan Binnall was and is the wife of Thomas Binnall.

4. The defendant, Bath Iron Works Corporation ("Bath Iron Works"), is a Maine corporation with a principal place of business located in Bath, Maine.

5. The defendant, General Dynamics Corporation ("General Dynamics"), is a Delaware corporation with a principal place of business located in Falls Church, Virginia.

| | |
|---|---|
| 6662ED0000004/29/05CIVIL | 240.00 |
| 6662ED0000004/29/05CIVIL | 240.00 |
| 6662ED0000004/29/05SUR CHARGE | 15.00 |
| 6662ED0000004/29/05SUMMONS | 10.00 |
| 6662ED0000004/29/05SECC | 20.00 |

6. At all times relevant hereto, Bath Iron Works was a wholly owned subsidiary of General Dynamics.

7. Personal jurisdiction over the defendants, Bath Iron Works and General Dynamics, exist pursuant to M.G.L. c. 223A, §§3(a) and (b). The plaintiffs' claims arise out of the defendants transacting business in the Commonwealth of Massachusetts and contracting to supply services or things in the Commonwealth. The defendants also regularly do or solicit business and derive substantial revenue from goods used or consumed in the Commonwealth of Massachusetts, and both

PARKER | SCHEER

defendants maintain "foreign business certificates" with the Massachusetts
Secretary of State.

## FACTUAL ALLEGATIONS

8. On or about July 2, 2002, the plaintiff was employed as a truck driver by USF
   Logistics ("USF") and had been dispatched to Bath Iron Works to deliver a load
   of steel pipes.

9. On or about July 2, 2002, the plaintiff arrived at Bath Iron Works ("Bath") and
   alerted the receiving department that he had a shipment of steel pipe that required
   off-loading from his trailer. The pipes ranged in length between 20 to 23 feet
   long and ¾ to 6 inches in diameter.

10. Bath Iron Works' receiving department advised Mr. Binnall that the crane
    operator was not available to off-load his shipment and they would be unable to
    accept his shipment.

11. Another Bath Iron Works employee then advised Mr. Binnall that he would in
    fact be able to off-load his shipment of steel pipes using a fork-lift.

12. As requested, Mr. Binnall then returned to his truck and prepared his shipment for
    off-loading by one or more of Bath Iron Works' agents, servants, and/or
    employees.

13. While Mr. Binnall was in the process of removing a strap located near the driver's
    side of his truck, a Bath Iron Works' agent, servant, and/or employee suddenly
    and without warning to the plaintiff, attempted to lift the steel pipe off the
    plaintiff's truck using a forklift.

14. In doing so, a steel band that bound several of the steel pipes broke free causing
    the steel pipes to fall directly on the plaintiff's head and body, pinning the
    plaintiff and crushing his lower extremities.

15. As a result of the incident, Mr. Binnall sustained extremely serious and permanent
    physical injuries, including multiple compound fractures requiring surgical
    revision, profound emotional distress, pain and suffering, lost wages, and
    impaired past and future earning capacity

16. As a direct and proximate result of the defendant's negligence, Mrs. Binnall was
    caused to sustain the loss of her husband's care, comfort, and society (collectively
    referred to as "loss of consortium").

PARKER | SCHEER

## COUNT 1

### CLAIM OF THE PLAINTIFF, THOMAS BINNALL, AGAINST THE DEFENDANT, BATH IRON WORKS CORPORATION, FOR PERSONAL INJURIES AND RELATED LOSSES PREDICATED ON NEGLIGENCE.

17. The plaintiff repeats, realleges and incorporates fully herein paragraphs 1 through 16.

18. On or about July 2, 2002, the plaintiff was a lawful visitor to Bath Iron Works, in Bath, Maine.

19. On or about July 2, 2002, one or more Bath Iron Works' employees negligently off-loaded steel pipe from the plaintiff's 50-foot flat-bed trailer causing the pipes to fall from the trailer bed and directly upon Mr. Binnall's head and legs, causing him to sustain serious and permanent injuries and related losses.

20. As a direct and proximate result of the defendant's negligence, the plaintiff was caused to suffer and did suffer extremely serious personal injuries, including great pain of body and anguish of mind, and incurred substantial medical expenses and related economic losses.

21. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, Bath Iron Works Corporation, in an amount deemed fair and reasonable to fully compensate him for all of his incident related injuries and losses, together with interest and costs.

**WHEREFORE**, the plaintiff, Thomas Binnall, demands judgment against the defendant, Bath Iron Works Corporation, in an amount deemed fair and reasonable to fully compensate him for all of his incident-related injuries and losses, together with interest and costs

## COUNT II

### CLAIM OF THE PLAINTIFF, THOMAS BINNALL, AGAINST THE DEFENDANT, GENERAL DYNAMICS CORPORATION, FOR PERSONAL INJURIES AND RELATED LOSSES PREDICATED ON NEGLIGENCE.

22. The plaintiff repeats, realleges and incorporates fully herein paragraphs 1 through 21.

23. On or about July 2, 2002, the plaintiff was a lawful visitor to Bath Iron Works, in Bath, Maine.

PARKER | SCHEER

24. On or about July 2, 2002, one or more Bath Iron Works' employees negligently off-loaded steel pipe from the plaintiff's 50-foot flat-bed trailer causing the pipes to fall from the trailer bed and directly upon Mr. Binnall's head and legs, causing him to sustain serious and permanent injuries and related losses.

25. As a direct and proximate result of the defendant's negligence, the plaintiff was caused to suffer and did suffer extremely serious personal injuries, including great pain of body and anguish of mind, and incurred substantial medical expenses and related economic losses.

26. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, General Dynamics Corporation, in an amount deemed fair and reasonable to fully compensate him for all of his incident related injuries and losses, together with interest and costs.

**WHEREFORE**, the plaintiff, Thomas Binnall, demands judgment against the defendant, General Dynamics Corporation, in an amount deemed fair and reasonable to fully compensate him for all of his incident-related injuries and losses, together with interest and costs

## COUNT III

### CLAIM OF THE PLAINTIFF, SUSAN BINNALL, AGAINST THE DEFENDANT, BATH IRON WORKS CORPORATION, FOR THE LOSS OF HER HUSBAND'S CARE, COMFORT, AND SOCIETY (COLLECTIVIELY REFERRED TO AS "LOSS OF CONSORTIUM")

27. The plaintiff repeats, realleges, and incorporates fully herein paragraphs 1 through 26.

28. As a direct and proximate result of the defendant's negligence and her husband's resulting injuries, the plaintiff was caused to sustain a significant loss of consortium.

29. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, Bath Iron Works Corporation, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related injuries and losses, together with interest and costs.

**WHEREFORE**, the plaintiff, Susan Binnall, demands judgment against the defendant, Bath Iron Works Corporation, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related injuries and losses, together with interest and costs

PARKER | SCHEER

## COUNT IV

## CLAIM OF THE PLAINTIFF, SUSAN BINNALL, AGAINST THE DEFENDANT, GENERAL DYNAMICS CORPORATION, FOR THE LOSS OF HER HUSBAND'S CARE, COMFORT, AND SOCIETY (COLLECTIVIELY REFERRED TO AS "LOSS OF CONSORTIUM")

30. The plaintiff repeats, realleges, and incorporates fully herein paragraphs 1 through 29.

31. As a direct and proximate result of the defendant's negligence and her husband's resulting injuries, the plaintiff was caused to sustain a significant loss of consortium.

32. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, General Dynamics Corporation, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related injuries and losses, together with interest and costs.

**WHEREFORE**, the plaintiff, Susan Binnall, demands judgment against the defendant, General Dynamics Corporation, in an amount deemed fair and reasonable to fully compensate her for all of her incident-related injuries and losses, together with interest and costs

## PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS

Respectfully submitted,
The Plaintiffs,
By their Attorneys,

Eric J. Parker, Esq. BBO# 549513
Susan M. Bourque, Esq. BBO# 647195
Parker | Scheer LLP
One Constitution Center
Boston, MA 02129
(617) 886-0500

Dated: 4-28-2005

PARKER | SCHEER

MAS-20041213
coleman

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

05/25/2005
10:12 AM

## MICV2005-01460
### Binnall et al v Bath Iron Works Corporation et al

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 04/29/2005 | **Status** | Needs review for service (acneserv) | | | |
| **Status Date** | 04/29/2005 | **Session** | J - Cv J (9B Cambridge) | | | |
| **Origin** | 1 | **Case Type** | B04 - Other negligence/pers injury/pro | | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 07/28/2005 | **Answer** | 09/26/2005 | **Rule12/19/20** | 09/26/2005 |
| **Rule 15** | 09/26/2005 | **Discovery** | 02/23/2006 | **Rule 56** | 03/25/2006 |
| **Final PTC** | 04/24/2006 | **Disposition** | 06/23/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Thomas Binnall
Active 04/29/2005

**Private Counsel 647195**
Susan M Bourque
Parker Scheer
One Constitution Center
Boston, MA 02129
Phone: 617-886-0500
Fax: 617-886-0100
Active 04/29/2005 Notify

**Plaintiff**
Susan Binnall
Active 04/29/2005

*** See Attorney Information Above ***

**Defendant**
Bath Iron Works Corporation
Service pending 04/29/2005

**Defendant**
General Dynamics Corporation
Service pending 04/29/2005

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 04/29/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 04/29/2005 | | Origin 1, Type B04, Track F. |

MAS-20041213
coleman

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

05/25/2005
10:12 AM

**MICV2005-01460**
**Binnall et al v Bath Iron Works Corporation et al**

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET# **MICV2005-01460-J**

RE:  **Binnall et al v Bath Iron Works Corporation et al**

TO:Susan M Bourque, Esquire
Parker Scheer
One Constitution Center
Boston, MA 02129

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                    DEADLINE

| | |
|---|---|
| Service of process made and return filed with the Court | 07/28/2005 |
| Response to the complaint filed (also see MRCP 12) | 09/26/2005 |
| All motions under MRCP 12, 19, and 20 filed | 09/26/2005 |
| All motions under MRCP 15 filed | 09/26/2005 |
| All discovery requests and depositions completed | 02/23/2006 |
| All motions under MRCP 56 served and heard | 03/25/2006 |
| Final pre-trial conference held and firm trial date set | 04/24/2006 |
| Case disposed | 06/23/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**.  You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **J** sitting in **Rm 9B (Cambridge) at Middlesex Superior Court.**

Dated: 04/29/2005

Edward J. Sullivan
Clerk of the Courts
BY: James Lynch
Assistant Clerk

Location: Rm 9B (Cambridge)
Telephone: 617-494-4010 EXT 4274

cvdtracf_2.wpd 2723240 inidoc01 dipacee

**PARKER SCHEER** LLP

05-1460



FILED
THE OFFICE OF THE
THE COURTS
MIDDLESEX

APR 29 2005

April 28, 2005

One Constitution Center
Boston, Massachusetts
02129

Telephone
617.886.0500

Facsimile
617.886.0100

25 Mall Road
Suite 300
Burlington, Massachusetts
01803

Telephone
781.425.6055

32 Court Street
Plymouth, Massachusetts
02360

Telephone
508.830.9460

www.parkerscheer.com

Civil Clerk's Office
Middlesex Superior Court
40 Thorndike Street
Cambridge, MA 02141

      **Re:**   **Thomas Binnall, et al. v. Bath Iron Works, Inc., et al.**

Dear Sir or Madam:

      Enclosed, for filing with this Court, please find the following:

      (1)     Plaintiffs' Complaint (original and copy);
      (2)     Civil Action Cover Sheet;
      (3)     Check in the amount of $525.00;
      (4)     Self-addressed stamped envelope.

      Kindly date stamp one copy and return it to this office, along with two (2) original summons in the enclosed self-addressed envelope.

      Thank you for your assistance in this regard.

                         Very truly yours,

                         Susan M. Bourque

Enclosures

| CIVIL ACTION COVER SHEET | 05-1460 | Trial Court of Massachusetts Superior Court Department County: Middlesex  |

PLAINTIFF(S)

Thomas Binnall and Susan Binnall

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Susan M. Bourque
Parker Scheer LLP
1 Constitution Center
Boston, MA 02129
Board of Bar Overseers number: 647195

DEFENDANT(S)

Bath Iron Works Corporation and General Dynamics Corporation

ATTORNEY (if known)

## Origin code and track designation

Place an x in one box only:
☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
☐ 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.        TYPE OF ACTION (specify)      TRACK        IS THIS A JURY CASE?

B04        Personal Injury        (F)        (✓) Yes        ( ) No

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

FILED
THE OFFICE OF THE
CLERK OF THE COURTS
MIDDLESEX
APR 29 2005
William
CLERK

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . $85,285.19
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 475.00
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . $
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . $ 2,670.00
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . $
Subtotal $ 88,430.19
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . $ 110,000.00
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . $
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . $
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . $ 165,000.00
F. Other documented items of damages (describe)
$
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Open right tibia/fibula fracture,
multiple contusions about the head,
wrist/hand injuries.

$
TOTAL $ 363,430.19

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $ . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record                                    DATE: 4-28-05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000