UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS BINNALL and SUSAN BINNALL,<br><br>Plaintiffs,<br><br>v.<br><br>BATH IRON WORKS CORPORATION,<br><br>Defendants. | Civil Action No. 05-cv-11071-REK<br><br>ANSWER OF DEFENDANT BATH IRON WORKS TO THE FIRST AMENDED COMPLAINT OF PLAINTIFFS THOMAS BINNALL AND SUSAN BINNALL |

Pursuant to Fed. R. Civ. P. 12, Defendant Bath Iron Works Corporation ("Defendant") hereby answers the separately numbered paragraphs of the Complaint as follows:

## GENERAL ALLEGATIONS

1. Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. Defendant admits the allegations contained in this paragraph.

5. Defendant states that General Dynamics Corporation has been dismissed from this action and, therefore, no response to this paragraph is required.

6. Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. Defendant admits the allegations contained in this paragraph.

8. Defendant admits the allegations contained in this paragraph.

9. Defendant states that General Dynamics Corporation has been dismissed from this action and, therefore, no response to allegations in this paragraph against General Dynamics Corporation is required. The statements in the first sentence of this paragraph constitute a conclusion of law to which no response is required. Defendant denies the allegations in the second sentence of this paragraph. Defendant admits that it maintains a foreign business certificate with the Secretary of the Commonwealth, but denies the remaining allegations in this paragraph.

10. Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

11. Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. Defendant denies the allegations contained in this paragraph.

15. Defendant denies the allegations contained in this paragraph.

16. Defendant is unable to admit or deny the allegations in this paragraph because Plaintiffs have failed to define with particularity the terms "subject flatbed" and "subject load." Defendant calls upon Plaintiffs to make a more definite statement and, pending such a statement, denies the allegations contained in this paragraph.

17. Defendant denies the allegations contained in this paragraph.

18. Defendant denies the allegations contained in this paragraph.

19. Defendant denies the allegations contained in this paragraph.

20. Defendant denies the allegations contained in this paragraph.

21. Defendant is unable to admit or deny the allegations in this paragraph because Plaintiffs have failed to define with particularity the term "[a]s a result of the incident." Defendant calls upon Plaintiffs to make a more definite statement and, pending such a statement, denies the allegations contained in this paragraph.

22. Defendant denies the allegations contained in this paragraph.

## COUNT I

### CLAIM OF THE PLAINTIFF, THOMAS BINNALL, AGAINST THE DEFENDANT, BATH IRON WORKS CORPORATION, FOR PERSONAL INJURY AND RELATED LOSSES PREDICATED ON NEGLIGENCE

23. Defendant's answers to paragraph one (1) through twenty-two (22) are repeated, reasserted and incorporated herein by reference.

24. Defendant admits the allegations contained in this paragraph.

25. Defendant denies the allegations contained in this paragraph.

26. Defendant denies the allegations contained in this paragraph.

27. Defendant denies the allegations contained in this paragraph.

3

## COUNT II

### CLAIM OF THE PLAINTIFF, THOMAS BINNALL, AGAINST THE DEFENDANT, GENERAL DYNAMICS CORPORATION, FOR PERSONAL INJURY AND RELATED LOSSES PREDICATED ON NEGLIGENCE

28. Defendant's answers to paragraph one (1) through twenty-seven (27) are repeated, reasserted and incorporated herein by reference.

29. Defendant states that General Dynamics Corporation has been dismissed from this action and, therefore, no response to this paragraph is required.

30. Defendant states that General Dynamics Corporation has been dismissed from this action and, therefore, no response to this paragraph is required.

31. Defendant states that General Dynamics Corporation has been dismissed from this action and, therefore, no response to this paragraph is required.

32. Defendant states that General Dynamics Corporation has been dismissed from this action and, therefore, no response to this paragraph is required.

## COUNT III

### CLAIM OF THE PLAINTIFF, THOMAS BINNAL, AGAINST THE DEFENDANT, RYERSON TULL, INC., FOR THE FOR (SIC) PERSONAL INJURIES AND RELATED LOSSES PREDICATED ON NEGLIGENCE

33. Defendant's answers to paragraph one (1) through thirty-two (32) are repeated, reasserted and incorporated herein by reference.

34. The allegations in this paragraph state claims against a defendant for whose conduct Bath Iron Works Corporation is not responsible. As such, no response by this Defendant is required. To the extent that the allegations in this paragraph could be deemed to assert claims against Bath Iron Works Corporation, the allegations are denied.

4

35. The allegations in this paragraph state claims against a defendant for whose conduct Bath Iron Works Corporation is not responsible. As such, no response by this Defendant is required. To the extent that the allegations in this paragraph could be deemed to assert claims against Bath Iron Works Corporation, the allegations are denied.

36. The allegations in this paragraph state claims against a defendant for whose conduct Bath Iron Works Corporation is not responsible. As such, no response by this Defendant is required. To the extent that the allegations in this paragraph could be deemed to assert claims against Bath Iron Works Corporation, the allegations are denied.

## COUNT IV

## CLAIM OF THE PLAINTIFF, SUSAN BINNALL, AGAINST THE DEFENDANT BATH IRON WORKS CORPORATION, FOR THE LOSS OF HER HUSBAND'S CARE, COMFORT, AND SOCIETY (COLLECTIVELY REFERRED TO AS "LOSS OF CONSORTIUM")

37. Defendant's answers to paragraph one (1) through thirty-six (36) are repeated, reasserted and incorporated herein by reference.

38. Defendant denies the allegations contained in this paragraph.

39. Defendant denies the allegations contained in this paragraph.

## COUNT V

## CLAIM OF THE PLAINTIFF, SUSAN BINNALL, AGAINST THE DEFENDANT GENERAL DYNAMICS CORPORATION, FOR THE LOSS OF HER HUSBAND'S CARE, COMFORT, AND SOCIETY (COLLECTIVELY REFERRED TO AS "LOSS OF CONSORTIUM")

40. Defendant's answers to paragraph one (1) through thirty-nine (39) are repeated, reasserted and incorporated herein by reference.

41. Defendant states that General Dynamics Corporation has been dismissed from this action and, therefore, no response to this paragraph is required.

42. Defendant states that General Dynamics Corporation has been dismissed from this action and, therefore, no response to this paragraph is required.

## COUNT VI

## CLAIM OF THE PLAINTIFF, SUSAN BINNALL, AGAINST THE DEFENDANT, RYERSON TULL, INC., FOR THE LOSS OF HER HUSBAND'S CARE, COMFORT, AND SOCIETY (COLLECTIVELY REFERRED TO AS "LOSS OF CONSORTIUM")

43. Defendant's answers to paragraph one (1) through forty-two (42) are repeated, reasserted and incorporated herein by reference.

44. The allegations in this paragraph state claims against a defendant for whose conduct Bath Iron Works Corporation is not responsible. As such, no response by this Defendant is required. To the extent that the allegations in this paragraph could be deemed to assert claims against Bath Iron Works Corporation, the allegations are denied.

45. The allegations in this paragraph state claims against a defendant for whose conduct Bath Iron Works Corporation is not responsible. As such, no response by this Defendant is required. To the extent that the allegations in this paragraph could be deemed to assert claims against Bath Iron Works Corporation, the allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This court lacks jurisdiction over the subject matter of the Amended Complaint and therefore, the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## SECOND AFFIRMATIVE DEFENSE

This court lacks jurisdiction over the person of Defendant Bath Iron Works Corporation and, therefore the Amended Complaint should be dismissed against Defendant Bath Iron Works Corporation pursuant to Mass. R. Civ. P. 12(b)(2).

## THIRD AFFIRMATIVE DEFENSE

The Amended Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(3) for improper venue.

## FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Defendant Bath Iron Works Corporation upon which relief may be granted and, therefore, the Amended Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6).

## FIFTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any damage or injury as set forth in the Amended Complaint, said damage or injury resulted from a risk which Plaintiffs voluntarily, knowingly, and willingly assumed.

## SIXTH AFFIRMATIVE DEFENSE

At the time of the alleged accident the instrumentalities that caused the alleged harm was not controlled or operated by an agent or employee of Defendant Bath Iron Works Corporation and was not being operated under the direction or control of Defendant Bath Iron Works Corporation.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs were more than 50% at fault in causing the alleged injuries and, therefore, are barred from recovery by their comparative negligence.

### EIGHTH AFFIRMATIVE DEFENSE

If Plaintiffs are entitled to recover anything against Defendant Bath Iron Works Corporation, any such recovery must be reduced in accordance their comparative negligence.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate, minimize or avoid damages, if any, alleged in the Amended Complaint; accordingly, any recovery must be reduced and/or eliminated by the amount of damage resulting from such failure.

### TENTH AFFIRMATIVE DEFENSE

This action is barred by operation of the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

The acts or omissions which are alleged to have caused the damages and/or injuries referred to in the Amended Complaint were committed by a third party who was not an agent or employee of Defendant Bath Iron Works Corporation and for whose acts or omissions Defendant Bath Iron Works Corporation is not legally responsible.

### TWELFTH AFFIRMATIVE DEFENSE

This action is barred in this judicial district by the operation of the Doctrine of Forum Non Conveniens.

### THIRTEENTH AFFIRMATIVE DEFENSE

Pursuant to applicable conflicts of law rules, the law of the State of Maine is applicable to this case.

### FOURTEENTH AFFIRMATIVE DEFENSE

This action is barred by the doctrines of waiver and estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery against Defendant Bath Iron Works Corporation because the alleged harm they sustained was caused by the intervening, superseding misconduct and/or negligence of person for whose conduct Defendant Bath Iron Works Corporation is not responsible.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery against Defendant Bath Iron Works Corporation because their alleged damages were caused by the acts or omissions of third persons over whom Defendant Bath Iron Works Corporation exercised no control and for whose conduct Defendant Bath Iron Works Corporation bears no responsibility.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery against Defendant Bath Iron Works Corporation because Plaintiff Thomas Binnall's conduct, considered alone or in concert with that of third parties, was the sole and proximate cause of Plaintiffs' alleged damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any damages in this matter are subject to indemnification by the party responsible for them.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant Bath Iron Works Corporation is entitled to contribution from responsible parties for any damages alleged to have occurred in this matter.

## JURY DEMAND

Defendant Bath Iron Works Corporation demands a trial by jury on all counts of the Amended Complaint.

**WHEREFORE**, Defendant Bath Iron Works Corporation demands that:

(1) this action be dismissed as against Bath Iron Works Corporation in its entirety and that judgment enter in its favor on all counts;

(2) this Court award Bath Iron Works Corporation its costs and interest; and

(3) all allegations and claims stated in the Amended Complaint against Defendant General Dynamics Corporation be stricken.

Respectfully submitted,

**DEFENDANT BATH IRON WORKS CORPORATION,**
By its attorneys,

_____
Mark Haley (BBO# 217260)
Timothy J. Perry (BBO# 631397)
PRETI, FLAHERTY, BELIVEAU,
    PACHIOS & HALEY LLP
10 High Street, Suite 502
Boston, MA  02110
(617) 226-3800
Facsimile (617) 226-3801

Dated: November 3, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served upon all counsel of record via pre-paid First Class, United States Mail.

Dated: November 3, 2005

_____
Timothy J. Perry