AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of __Massachusetts__

Thomas Binnall and
Susan Binnall

v.

Bath Iron Works Corporation
and Ryerson Tull, Inc.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 05-11071

TO: (Name and address of Defendant)

Ryerson Tull, Inc.
2621 W. 15th Place
Chicago, IL 60608

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Susan M. Bourque, Esq.
Parker | Scheer LLP
One Constitution Center
Boston, MA 02129

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON

CLERK

(By) DEPUTY CLERK

DATE: SEP 28 2005

%AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE 11/21/05 |
| NAME OF SERVER (PRINT) Susan Bourque | TITLE Attorney |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify): Waiver of Service of Summons executed by Counsel for defendant.

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  11/22/05
                  Date

Signature of Server: Susan Bourque

Address of Server: Parker Scheer
1 Constitution Center
Boston, MA 02129

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS BINNALL and ) <br> SUSAN BINNALL, ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> BATH IRON WORKS CORPORATION, ) <br> And RYERSON TULL, INC., ) <br> Defendants. ) | C.A. No. 05-11071-REK |

## WAIVER OF SERVICE OF SUMMONS

TO:   Susan M. Bourque
      Parker Scheer LLP
      One Constitution Center
      Boston, MA 02129

   I acknowledge receipt of your request that I waive service of a summons in the action of Thomas Binnall and Susan Binnall v. Bath Iron Works Corporation and Ryerson Tull, Inc., which is case number 05-11071 in the United States District Court for the District of Massachusetts. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that the entity on whose behalf I am acting be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

   The entity on whose behalf I am acting will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against the party on whose behalf I am acting if an answer or motion under Rule 12 is not served upon you within 60 days after October 5, 2005, or within 90 days after that date if the request was sent outside of the United States.

11/21/05
Date

Neil S. Novich, President
Ryerson Tull, Inc.

By Counsel
for Ryerson Tull

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court. If the answer of motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.