UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS BINNALL and )<br>SUSAN BINNALL, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>BATH IRON WORKS CORPORATION )<br>and RYERSON TULL, INC. )<br>    Defendants. )<br>) | Civil Action No. 05-CV-11071-REK |

**JOINT STATEMENT SUBMITTED PURSUANT
TO FED. R. CIV. P. 26(f) AND LOCAL RULE 16.1**

Plaintiffs Thomas Binnall and Susan Binnall ("Plaintiffs") and Defendant Bath Iron Works Corporation ("BIW"), and Ryerson Tull, Inc. ("Ryerson") hereby submit this Joint Statement in accordance with Fed. R. Civ. P. 26(f) and Local Rule 16.1. Plaintiffs filed an Amended Complaint in this action on July 11, 2005 and served BIW on October 14, 2005. BIW filed an Answer to the Amended Complaint on November 3, 2005. Ryerson filed an Answer to the Amended Complaint on December 1, 2005. Pursuant to a Notice of Scheduling Conference dated November 7, 2005, an initial scheduling conference is set to be held on December 15, 2005. The parties held several conferences as contemplated by Rule 16(b), the latest of which was held on December 7, 2005.

**A.   Proposed Agenda for Scheduling Conference**

The parties propose that the agenda for the initial scheduling conference include a discussion of the following issues:
1. Proposed discovery plan;
2. Proposed schedule for filing of motions; and
3. Proposed trial date.

B.   **Proposed Pretrial Schedule**

Plaintiffs brought this action claiming injuries due to an incident at BIW in July 2002. Plaintiffs claim that Thomas Binnall suffered personal injuries when steel pipes that he was delivering to BIW on behalf of his employer fell upon him. Plaintiffs claim that the defendant, Ryerson, was negligent in the loading of the pipes on to the Plaintiff's flat bed trailer and that defendant, BIW, was negligent in the off loading of the pipes from his trailer bed. Plaintiffs claim that Susan Binnall, Thomas Binnall's wife, suffered loss of consortium damages. BIW and Ryerson claim that they were not negligent and that to the extent that Plaintiffs suffered damages such damages are the result of acts or omissions of Plaintiffs or other parties for whose conduct the Defendants are not responsible.

At this time, it appears that this case will require fact investigation and legal development concerning at least the following issues: (1) the facts of the alleged incident, (2) the statutory and regulatory framework governing the transportation and delivery of the subject load, (3) contributory, comparative and third party negligence, (4) causation, and (5) damages.

C.   **Proposed Discovery Plan and Motion Schedule**

**Limitations:** Discovery is limited to no more than 30 Interrogatories per party; 30 Requests for Admissions per party; 45 Requests for Production per Party; and the Plaintiffs propose 10 Depositions per party (excluding document subpoenas) and the defendant, Bath Iron Works Corporation, proposes 5 depositions per party (excluding document subpoenas).

**Initial Disclosures Will Be Exchanged:**   December 22, 2005

**Deadline for Parties to Serve Written Discovery:**   July 31, 2006

**Deadline for Motion to Change Venue, Joinder of Parties and Amendment of Pleadings:**   August 15, 2006

**Non-Expert Depositions to be Completed on or Before:**   October 31, 2006

**Plaintiff Shall Designate Experts and Provide Rule 26(a)(2) Information on or Before:**  October 31, 2006

**Defendant Shall Designate Experts and Provide Rule 26(a)(2) Information on or Before:**  November 30, 2006

**Expert Depositions To Be Completed on or Before:**  January 15, 2007

**Deadline to Complete Discovery:**    January 31, 2007

**Dispositive Motions:**  January 31, 2007

**Pre-Trial Conference:** February 12, 2007 at 2:00 p.m.

**Trial:**  March 19, 2007

D.   **Settlement Proposals**

On August 9, 2004, the plaintiffs forwarded a memorandum for settlement purposes only to Broadspire, the insurance carrier for Bath Iron Works Corporation.  On December 5, 2005, the plaintiff forwarded a memorandum for settlement purposes only to Jeanette Lucey, Counsel for Ryerson Tull, Inc.  On December 8, 2005, Plaintiffs forwarded a settlement demand to BIW by faxing a copy to Timothy Perry, Esq., of Preti, Flaherty, Beliveau, Pachios & Haley, counsel for BIW.  BIW will attempt to respond to the settlement demand prior to the scheduling conference.

E.   **ADR Options**

Counsel will consider ADR options at an appropriate time prior to the conclusion of discovery after first attempting to settle this case on their own.

F.   **Consent to Trial by Magistrate Judge**

The parties at this time do not consent to the trial of this matter by a Magistrate Judge, buy may reconsider their positions at a later date.

G.   **Certifications**

The Parties have filed their Certifications Pursuant to Local Rule 16.1 (D)(3) with this Court in advance of the Scheduling Conference.

|  |  |
|---|---|
|  | Respectfully submitted, |
| The Plaintiffs,<br>By their Attorneys, | The Defendant, Bath Iron Works Corp.<br>By its Attorney, |
| /s/ Susan M. Bourque<br>Eric J. Parker, Esq. BBO# 549513<br>Susan M. Bourque, Esq. BBO #647195<br>Parker Scheer LLP<br>One Constitution Center<br>Boston, MA  02129<br>(617) 886-0500 | /s/ Timothy Perry<br>Timothy Perry, Esq. BBO# 631397<br>Preti Flaherty Beliveau Pachios &<br>Haley LLP<br>10 High Street, Suite 502<br>Boston, MA  02110<br>(617) 226-3800 |

The Defendant, Ryerson Tull, Inc.
By its Attorney,


/s/ Jeanette Lucey
Jeanette Lucey, Esq. BBO #549119
Law Office of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA  02110
(617) 772-2900


Dated: