UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **THOMAS BINNALL and SUSAN BINNALL**, <br><br> Plaintiffs, <br><br> v. <br><br> **BATH IRON WORKS CORPORATION and RYERSON TULL, INC.**, <br><br> Defendants. | Civil Action No. 05-cv-11071-REK |

**ANSWER OF DEFENDANT, BATH IRON WORKS CORPORATION, TO CROSS-CLAIM PLAINTIFF RYERSON TULL, INC.'S CROSS-CLAIM AND BATH IRON WORKS CORPORATION'S CROSS-CLAIM AGAINST RYERSON TULL, INC.**

The Defendant, Bath Iron Works Corporation ("BIW"), answers the separately numbered paragraphs of Ryerson Tull, Inc.'s ("Ryerson") Cross-Claim as follows:

1. Defendant BIW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. Defendant BIW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. Defendant BIW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. Defendant BIW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. Defendant BIW admits the allegations contained in this paragraph.

6. Paragraph 9 of Ryerson's Cross-Claim identifies and describes Plaintiffs' claims and the basis for Ryerson's claims against BIW, and it does not state any factual allegations against BIW. Accordingly, an Answer is not required. To the extent that this paragraph does allege facts against BIW, BIW denies the same.

**COUNT I**

7. Defendant BIW's answers to paragraphs 1 through 6 are repeated, reasserted and incorporated herein by reference.

8. Paragraph 8 of Ryerson's Cross-Claim denies liability as to Plaintiffs' claims without stating any factual allegations against BIW and, accordingly, an Answer is not required. To the extent that this paragraph does allege facts against BIW, BIW denies the same.

9. Paragraph 9 of Ryerson's Cross-Claim identifies the basis for its claim against BIW without stating any factual allegations against BIW and, accordingly, an Answer is not required. To the extent that this paragraph does allege facts against BIW, BIW denies the same.

**COUNT II**

10. Defendant BIW's answers to paragraphs 1 through 9 are repeated, reasserted and incorporated herein by reference.

11. Paragraph 11 of Ryerson's Cross-Claim identifies the basis for its claim against BIW without stating any factual allegations against BIW and, accordingly, an Answer is not required. To the extent that this paragraph does allege facts against BIW, BIW denies the same.

## COUNT III

12.     Defendant BIW's answers to paragraphs 1 through 11 are repeated, reasserted and incorporated herein by reference.

13.     Paragraph 13 of Ryerson's Cross-Claim denies liability as to Plaintiffs' claims without stating any factual allegations against BIW and, accordingly, an Answer is not required.  To the extent that this paragraph does allege facts against BIW, BIW denies the same.

14.     Paragraph 14 of Ryerson's Cross-Claim identifies the basis for its claim against BIW without stating any factual allegations against BIW and, accordingly, an Answer is not required.  To the extent that this paragraph does allege facts against BIW, BIW denies the same.

## COUNT IV

15.     Defendant BIW's answers to paragraphs 1 through 14 are repeated, reasserted and incorporated herein by reference.

16.     Paragraph 16 of Ryerson's Cross-Claim identifies the basis for its claim against BIW without stating any factual allegations against BIW and, accordingly, an Answer is not required.  To the extent that this paragraph does allege facts against BIW, BIW denies the same.

WHEREFORE, Defendant BIW demands that Ryerson's Cross-Claim be dismissed and that judgment be entered in its favor together with costs.

## FIRST DEFENSE

Defendant BIW incorporates by reference, all Affirmative Defenses identified in its Answer

to Plaintiffs' Amended Complaint.

**SECOND DEFENSE**

The Cross-Claim fails to state a claim against Defendant BIW upon which relief can be granted and, therefore, the Cross-Claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**THIRD DEFENSE**

This court lacks jurisdiction over Defendant BIW and, therefore, the Cross-Claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**FOURTH DEFENSE**

Cross-Claim Plaintiff has waived its right to assert the claims set forth in its Cross-Claim.

**FIFTH DEFENSE**

Cross-Claim Plaintiff is estopped from asserting the claims set forth in its Cross-Claim.

**SIXTH DEFENSE**

Cross-Claim Plaintiff's Cross-Claims are barred by its contract with BIW and constitute a breach of its contract with BIW.

**SEVENTH DEFENSE**

The Cross-Claim Plaintiff and or the Plaintiff were more than 50% at fault in causing the alleged injuries and, therefore, are barred from recovery by the comparative negligence statute, G.L. c. 231, sec. 85.

**EIGHTH DEFENSE**

The Cross-Claim is barred by operation of the applicable statute of limitations.

**BIW'S CROSS-CLAIM AGAINST RYERSON**

1.  Upon information and belief, the Plaintiff, Thomas Binnall, is a resident of Waltham, Middlesex County) Commonwealth of Massachusetts.

2.  Upon information and belief, the Plaintiff: Susan Binnall, is a resident of Waltham, Middlesex County, Commonwealth of Massachusetts.

3.  Upon information and belief, Plaintiffs Thomas Binnall and Susan Binnall, are husband and wife and were husband and wife at the time of the accident referenced in the Complaint herein.

4.  Upon information and belief, Cross-Claim Defendant. Ryerson Tull, Inc., ("Ryerson") is a Delaware Corporation with a principal place of business located in Chicago. Illinois, and operates a "Service Center" located in Devens, Commonwealth of Massachusetts.

5.  Cross-Claim Plaintiff, Bath Iron Works Corporation, ("BIW") is a Maine corporation with a principal place of business located in Bath, Maine.

6.  Plaintiffs Thomas and Susan Binnall have filed a First Amended Complaint alleging that Plaintiff Thomas Binnall sustained serious personal injuries when Ryerson steel pipe fell off his truck and onto him during the course of off-loading the pipe which allegedly occurred on or about July 2, 2002, at BIW's facility.

7.  Ryerson and BIW executed a contract by which Ryerson supplied pipe and other materials to BIW.

8. At the time of Mr. Binnall's injury, he was operating his truck and delivering the pipe on his truck at Ryerson's direction and on behalf of Ryerson pursuant to the terms of Ryerson's contract with BIW.

9. Ryerson's contract with BIW requires it to indemnify BIW for the claims alleged by Plaintiffs Thomas and Susan Binnall in their First Amended Complaint.

## COUNT I
### Breach of Contract

10. BIW repeats and reasserts paragraphs 1 through 9 of its Cross-Claim.

11. Ryerson and BIW executed a contract by which it supplied BIW with pipe and other materials.

12. Pursuant to the terms of its contract, Ryerson "shall indemnify and hold harmless [BIW] against any liability incurred as a result of acting at Seller's request."

13. Ryerson has breached its contract with BIW by failing to indemnify BIW for the claims alleged by Plaintiffs Thomas and Susan Binnall.

14. BIW is entitled to damages from Ryerson as a result of its breach of its contract with BIW.

## COUNT II
### Negligence

15. BIW repeats and reasserts paragraphs 1 through 14 of its Cross-Claim.

16. Ryerson owed BIW a duty to ensure that the load of Ryerson pipe Mr. Binnall was delivering to BIW when he was injured was loaded properly and safely.

17.     The load of Ryerson pipe Mr. Binnall delivered to BIW when he was injured was not loaded properly and safely.

18.     Ryerson breached its duty to BIW and was negligent when it failed to properly and safely load Mr. Binnall's truck with Ryerson pipe and when it failed to ensure that the load of Ryerson pipe that Mr. Binnall delivered to BIW was loaded properly and safely.

19.     BIW has suffered damages as a proximate result of Ryerson's negligence.

20.     BIW is entitled to damages from Ryerson for its negligence.

## COUNT III
### Negligence

21.     BIW repeats and reasserts paragraphs 1 through 20 of its Cross-Claim.

22.     Ryerson owed BIW a duty to ensure that Mr. Binnall was properly trained to operate, load and unload his truck.

23.     Ryerson breached its duty to BIW by failing to properly train Mr. Binnall how to safely operate, load and unload his truck.

24.     BIW has suffered damage as a proximate result of Ryerson's negligence.

25.     BIW is entitled to damages from Ryerson for its negligence.

## COUNT IV
### Contribution as to Thomas Binnall's Claims

26.     BIW repeats and reasserts paragraphs 1 through 25 of its Cross-Claim.

27. If Plaintiff Thomas Binnall sustained damages as alleged in his First Amended Complaint, then such damages were the direct and proximate result of Ryerson's negligence, action or inaction.

28. BIW is entitled to contribution from Ryerson pursuant to M.G.L. 23lB for any judgment that Plaintiff Thomas Binnall may recover against it.

## COUNT V
### Indemnification as to Thomas Binnall's Claims

29. BIW repeats and reasserts paragraphs 1 through 28 of its Cross-Claim.

30. If Plaintiff Thomas Binnall sustained injuries as alleged in his First Amended Complaint, then such injuries were the direct and proximate result of Ryerson's negligence, action or inaction.

31. BIW is entitled to indemnification from Ryerson pursuant to its contract with Ryerson and pursuant to the common law of the Commonwealth of Massachusetts for any judgment that Plaintiff Thomas Binnall may recover against it.

## COUNT VI
### Contribution as to Susan Binnall's Claims

32. BIW repeats and reasserts paragraphs 1 through 31 of its Cross-Claim.

33. If Plaintiff Susan Binnall sustained damages as alleged in her First Amended Complaint, then such damages were the direct and proximate result of Ryerson's negligence, action or inaction.

34. BIW is entitled to contribution from Ryerson pursuant to M.G.L. 23lB for any judgment that Plaintiff Susan Binnall may recover against it.

1080541.1

**COUNT VII**
Indemnification as to Susan Binnall's Claims

35.     BIW repeats and reasserts paragraphs 1 through 34 of its Cross-Claim.

36.     If Plaintiff Susan Binnall sustained damages as alleged in her First Amended Complaint, then such damages were the direct and proximate result of Ryerson's negligence, action or inaction.

37.     BIW is entitled to indemnification from Ryerson, pursuant to its contract with Ryerson and pursuant to the common law of the Commonwealth of Massachusetts for any judgment that Plaintiff Thomas Binnall may recover against it.

WHEREFORE, Defendant/Cross-Claim Plaintiff BIW demands judgment against Ryerson as follows:

a.      Judgment against Cross-Claim Defendant, Ryerson, on Counts I, II, and III, plus interest, costs and attorney's fees;

b.      Judgment against Cross-Claim Defendant, Ryerson, on Count IV for its pro rata share of any and/or all judgments which Plaintiff Thomas Binall may recover against it;

c.      Judgment against Cross-Claim Defendant, Ryerson, on Count V for any judgment which Plaintiff Thomas Binnall may recover against it plus interest, costs and attorney's fees;

d.      Judgment against Cross-Claim Defendant, Ryerson, on Count VI for its pro rata share of any and/or all judgments which Plaintiff Susan Binnall may recover against it;

  e. Judgment against Cross-Claim Defendant, Ryerson, on Count VII for any judgment which Plaintiff Susan Binnall may recover against it, plus interest, costs and attorney's fees; and,

  f. Such further relief as this Honorable Court deems just and proper.

**CROSS-CLAIM PLAINTIFF BIW DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Dated: December 21, 2005

Respectfully submitted,

BATH IRON WORKS CORPORATION,

By its Attorneys,

/s/ Timothy J. Perry
Mark L. Haley, BBO# 217260
Timothy J. Perry, BBO# 631397
PRETI FLAHERTY
BELIVEAU PACHIOS & HALEY LLP
10 High Street, Suite 502
Boston, MA  02110

**CERTIFICATE OF SERVICE**

 I hereby certify that a true copy of the above document was served upon all counsel of record by placing same addressed to said counsel in First Class U.S. Mail, postage pre-paid.

Dated: December 21, 2005        /s/ Timothy J. Perry