SCANNED
DATE: 12-6-05
BY: _Cruz_

IN THE UNITED STATES COURT
FOR THE DISTRICT OF MASSACHUSETTS

THOMAS BINNALL and
SUSAN BINNALL,
    Plaintiffs

v.

                                    Civil Action No.:  05CV11071REK

BATH IRON WORKS,
GENERAL DYNAMICS and
RYERSON TULL, INC.
    Defendants

---

**ANSWER, JURY DEMAND AND CROSSCLAIMS
OF DEFENDANT, RYERSON TULL, INC.,
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

The Defendant, Ryerson Tull, Inc., hereby responds to the Plaintiffs' First Amended Complaint as follows:

1.    The Defendant alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 1 of the Plaintiffs' First Amended Complaint, and, therefore, neither admits nor denies said Paragraph 1.

2.    The Defendant alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 2 of the Plaintiffs' First Amended Complaint, and, therefore, neither admits nor denies said Paragraph 2.

3.    The Defendant alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 3 of the Plaintiffs' First Amended Complaint, and, therefore, neither admits nor denies said Paragraph 3.

4.    The Defendant alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 4 of the Plaintiffs' First Amended Complaint, and, therefore, neither admits nor denies said Paragraph 4.

5.    The Defendant alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 5 of the Plaintiffs' First Amended Complaint, and, therefore, neither admits nor denies said Paragraph 5.

6.      The Defendant admits the allegations contained in Paragraph 6 of the Plaintiffs' First Amended Complaint.

7.      The Defendant alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 7 of the Plaintiffs' First Amended Complaint, and, therefore, neither admits nor denies said Paragraph 7.

8.      The Defendant, Ryerson Tull, Inc., does not respond to the allegations contained in Paragraph 8 of the Plaintiffs' First Amended Complaint as they call for legal conclusions.

9.      The Defendant alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 9 of the Plaintiffs' First Amended Complaint, and, therefore, neither admits nor denies said Paragraph 9.

10.     The Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations that personal jurisdiction exists over Ryerson Tull, Inc., pursuant to M.G.L. c.233A, §§3(a) 1b). Further answering, the Defendant, Ryerson Tull, Inc., denies the remaining allegations contained in Paragraph 10 of the Plaintiffs' First Amended Complaint.

## FACTUAL ALLEGATIONS

11.     The Defendant alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 11 of the Plaintiffs' First Amended Complaint, and, therefore, neither admits nor denies said Paragraph 11.

12.     The Defendant alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 12 of the Plaintiffs' First Amended Complaint, and, therefore, neither admits nor denies said Paragraph 12.

13.     The Defendant alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 13 of the Plaintiffs' First Amended Complaint, and, therefore, neither admits nor denies said Paragraph 13.

14.     The Defendant alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 14 of the Plaintiffs' First Amended Complaint, and, therefore, neither admits nor denies said Paragraph 14.

15.     The Defendant alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 15 of the Plaintiffs' First Amended Complaint, and, therefore, neither admits nor denies said Paragraph 15.

16.    The Defendant alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 16 of the Plaintiffs' First Amended Complaint, and, therefore, neither admits nor denies said Paragraph 16.

17.    The Defendant alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 17 of the Plaintiffs' First Amended Complaint, and, therefore, neither admits nor denies said Paragraph 17.

18.    The Defendant alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 18 of the Plaintiffs' First Amended Complaint, and, therefore, neither admits nor denies said Paragraph 18.

19.    The Defendant alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 19 of the Plaintiffs' First Amended Complaint, and, therefore, neither admits nor denies said Paragraph 19.

20.    The Defendant alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 20 of the Plaintiffs' First Amended Complaint, and, therefore, neither admits nor denies said Paragraph 20.

21.    The Defendant alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 21 of the Plaintiffs' First Amended Complaint, and, therefore, neither admits nor denies said Paragraph 21.

22.    The Defendant, Ryerson Tull, Inc., denies the allegations contained in Paragraph 22 of the Plaintiffs' First Amended Complaint insofar as they pertain to it. Further answering, the Defendant, Ryerson Tull, Inc., is without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 22 of the Plaintiffs' First Amended Complaint

## COUNT I

The Defendant, Ryerson Tull, Inc., does not respond to the allegations contained in Count I of the Plaintiffs' First Amended Complaint as they do not pertain to it.

## COUNT II

The Defendant, Ryerson Tull, Inc., does not respond to the allegations contained in Count II of the Plaintiffs' First Amended Complaint as they do not pertain to it.

3

## COUNT III

33.    Paragraphs 1 through 32 are repeated and incorporated by reference herein.

34.    The Defendant denies the allegations contained in Paragraph 34 of the Plaintiffs' First Amended Complaint.

35.    The Defendant denies the allegations contained in Paragraph 35 of the Plaintiffs' First Amended Complaint.

36.    The Defendant denies the allegations contained in Paragraph 36 of the Plaintiffs' First Amended Complaint.

## COUNT IV

The Defendant, Ryerson Tull, Inc., does not respond to the allegations contained in Count IV of the Plaintiffs' First Amended Complaint as they do not pertain to it.

## COUNT V

The Defendant, Ryerson Tull, Inc., does not respond to the allegations contained in Count V of the Plaintiffs' First Amended Complaint as they do not pertain to it.

## COUNT VI

43.    Paragraphs I through 42 are repeated and incorporated by reference herein.

44.    The Defendant denies the allegations contained in Paragraph 44 of the Plaintiffs' First Amended Complaint.

45.    The Defendant denies the allegations contained in Paragraph 45 of the Plaintiffs' First Amended Complaint.

## First Affirmative Defense

The Defendant states that the Plaintiff's Complaint fails to state a claim against the Defendant upon which relief can be granted.

Second Affirmative Defense

The Defendant says that the action was not brought in accordance with and within the time specified by the statutory provisions applicable thereto.

Third Affirmative Defense

The right to assert the claims set forth in the Plaintiff's complaint have been waived by the Plaintiff.

Fourth Affirmative Defense

The Defendant states that the Plaintiff's Complaint should be dismissed for lack of jurisdiction over the Defendant.

Fifth Affirmative Defense

The Defendant states that this court is the improper venue for this action.

Sixth Affirmative Defense

The Defendant states that the Plaintiff is barred by laches from maintaining this action.

Seventh Affirmative Defense

The Defendant states that the injuries and damages for which the Plaintiff seeks to recover were caused in whole or in part by the Plaintiff's own negligence.

Eighth Affirmative Defense

The Defendant says that the Plaintiff was negligent, which negligence was greater than said Defendant's negligence; and, therefore, the Plaintiff is not entitled to recover.

Ninth Affirmative Defense

The Defendant states that the injuries and damages for which the Plaintiff seeks to recover were caused in part by the Plaintiff's own negligence, and therefore any recovery by the Plaintiff should be diminished accordingly.

5

Tenth Affirmative Defense

The Defendant states that the injuries and damages allegedly sustained by the Plaintiff were not caused by a person or persons for whose conduct the Defendant was legally responsible.

Eleventh Affirmative Defense

If the Plaintiff's negligence is less than the Defendant's negligence, then any recovery by the Plaintiff should be reduced in amounts proportional to the negligence attributable to the Plaintiff's negligence.

Twelfth Affirmative Defense

The Plaintiff violated the duty the Plaintiff owed to the Defendant.

Thirteenth Affirmative Defense

The Defendant states that if the Plaintiff suffered any injury or damage, which the Defendant specifically denies, such damage was caused by the intervening and superseding acts or omissions of parties other than the Defendant, which said Defendant could not have reasonably foreseen.

Fourteenth Affirmative Defense

The Defendant states that no agent or servant of the Defendant was involved in an accident at the time and place alleged in the Plaintiff's Complaint.

Fifteenth Affirmative Defense

The Plaintiff has failed to mitigate his damages, if any, in a reasonable manner.

**THE DEFENDANT, RYERSON TULL, INC., DEMANDS**
**A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

## CROSSCLAIM OF DEFENDANT, RYERSON TULL, INC., AGAINST THE CO-DEFENDANT, BATH IRON WORKS CORPORATION

1.  Upon information and belief, the Plaintiff, Thomas Binnall, is a resident of Waltham, Middlesex County, Commonwealth of Massachusetts.

2.  Upon information and belief, the Plaintiff, Susan Binnall, is a resident of Waltham, Middlesex County, Commonwealth of Massachusetts.

3.  Upon information and belief, Plaintiffs Thomas Binnall and Susan Binnall, are husband and wife and were husband and wife at the time of the accident referenced in the Complaint herein.

4.  The Crossclaim Plaintiff, Ryerson Tull, Inc., is a Delaware Corporation with a principal place of business located in Chicago, Illinois, and operates a "Service Center" located in Devens, Commonwealth of Massachusetts.

5.  Upon information and belief, the Crossclaim Defendant, Bath Iron Works Corporation, is a Maine corporation with a principal place of business located in Bath, Maine.

6.  The Plaintiffs, Thomas and Susan Binnall, have filed a Complaint alleging that the Plaintiff, Thomas Binnall, sustained serious personal injuries when a load of steel fell off of a shipment from his truck during the course of off-loading which allegedly occurred on or about July 2, 2002, at the facility of the Crosslaim Defendant, Bath Iron Works Corporation in Bath, Maine. A copy of the Complaint is attached hereto and incorporated herein as Exhibit "A".

### COUNT I

7.  Paragraphs 1 through 6 are repeated and incorporated by reference herein.

8.  If the Plaintiff Thomas Binnall sustained damages as alleged in the Complaint, which the Defendant/Crossclaim Plaintiff, Ryerson Tull, Inc., denies, then such damages were the direct and proximate result of negligence on the part of the Crossclaim Defendant, Bath Iron Works Corporation.

9.  The Crossclaim Plaintiff, Ryerson Tull, Inc., is entitled to contribution from Crossclaim Defendant, Bath Iron Works Corporation, pursuant to M.G.L. 231B for any judgment, which the Plaintiff may recover against it.

## COUNT II

10.    Paragraphs 1 through 9 are repeated and incorporated by reference herein.

11.    The Crossclaim Plaintiff is entitled to indemnification from Crossclaim Defendant, Bath Iron Works Corporation for any judgment which the Plaintiff Thomas Binnall may recover against it.

## COUNT III

12.    Paragraphs 1 through 9 are repeated and incorporated by reference herein.

13.    If the Plaintiff Susan Binnall sustained damages as alleged in the Complaint, which the Defendant/Crossclaim Plaintiff, Ryerson Tull, Inc., denies, then such damages were the direct and proximate result of negligence on the part of the Crossclaim Defendant, Bath Iron Works Corporation.

14.    The Crossclaim Plaintiff, Ryerson Tull, Inc., is entitled to contribution from Crossclaim Defendant, Bath Iron Works Corporation, pursuant to M.G.L. 231B for any judgment, which the Plaintiff may recover against it.

## COUNT IV

15.    Paragraphs 1 through 14 are repeated and incorporated by reference herein.

16.    The Crossclaim Plaintiff is entitled to indemnification from Crossclaim Defendant, Bath Iron Works Corporation for any judgment which the Plaintiff Susan Binnall may recover against it.

WHEREFORE, the Defendant/Crossclaim Plaintiff, Ryerson Tull, Inc., demands judgment as follows:

(1)    Judgment against Crossclaim Defendant, Bath Iron Works Corporation, on Count I for its pro rata share of any and/or all judgments which the Plaintiff Thomas Binnall may recover against it;

8

(2)    Judgment against Crossclaim Defendant, Bath Iron Works Corporation, on Count II for any judgment which the Plaintiff Thomas Binnall may recover against it, plus interest, costs and attorney's fees;

(3)    Judgment against Crossclaim Defendant, Bath Iron Works Corporation, on Count IIII for its pro rata share of any and/or all judgments which the Plaintiff Susan Binnall may recover against it;

(4)    Judgment against Crossclaim Defendant, Bath Iron Works Corporation, on Count IV for any judgment which the Plaintiff Susan Binnall may recover against it, plus interest, costs and attorney's fees; and,

(5)    Such further relief as this Honorable Court deems just and proper.

**CROSSCLAIM PLAINTIFF, RYERSON TULL, INC.,
DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

The Defendant/Crossclaim Plaintiff,
Ryerson Tull, Inc.,
By its Attorney,

Jeanette M. Lucey
Law Offices of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA 02101
(617) 772-2800
BBO # 549119

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on November  1 , 2005.

Jeanette M. Lucey

N:\050187\Answer.doc

9