IN THE UNITED STATES COURT
FOR THE DISTRICT OF MASSACHUSETTS

THOMAS BINNALL and
SUSAN BINNALL,
    Plaintiffs

v.                                       Civil Action No.: 05CV11071REK

BATH IRON WORKS,
GENERAL DYNAMICS and
RYERSON TULL, INC.
    Defendants

## ANSWER OF DEFENDANT, RYERSON TULL, INC., TO PLAINTIFF-IN-CROSS-CLAIM, BATH IRON WORKS CORPORATION'S, CROSS-CLAIM AND JURY DEMAND

The Defendant-in-cross-claim, Ryerson Tull, Inc., hereby responds to the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim as follows:

1. The Defendant-in-cross-claim, Ryerson Tull, Inc., alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 1 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim, and, therefore, neither admits nor denies said Paragraph 1.

2. The Defendant-in-cross-claim, Ryerson Tull, Inc., alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 2 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim, and, therefore, neither admits nor denies said Paragraph 2.

3. The Defendant-in-cross-claim, Ryerson Tull, Inc., alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 3 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim, and, therefore, neither admits nor denies said Paragraph 3.

4. The Defendant-in-cross-claim, Ryerson Tull, Inc., admits that it has a principal place of business in Chicago, Illinois and that it operates a "Service Center" in Devens, Massachusetts.

5. The Defendant-in-cross-claim, Ryerson Tull, Inc., alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 5 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim, and, therefore, neither admits nor denies said Paragraph 5.

6. The Defendant-in-cross-claim, Ryerson Tull, Inc., states that the First Amended Complaint speaks for itself. Further Answering, Ryerson Tull denies that it acted negligently so as to cause Plaintiff's alleged accident.

7. The Defendant-in-cross-claim, Ryerson Tull, Inc., alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 7 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim, and, therefore, neither admits nor denies said Paragraph 7.

8. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 8 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

9. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 9 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

## COUNT I

10. Paragraphs 1 through 9 are repeated and incorporated by reference herein.

11. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 11 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

12. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 12 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

13. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 13 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

14. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 14 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

## COUNT II

15. Paragraphs 1 through 14 are repeated and incorporated by reference herein.

16. The Defendant-in-cross-claim, Ryerson Tull, Inc., alleges it is without sufficient knowledge to form a belief as to the facts alleged in Paragraph 16 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim, and, therefore, neither admits nor denies said Paragraph 16.

17. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 17 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

18. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 18 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

19. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 19 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

20. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 20 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

## COUNT III

21. Paragraphs 1 through 20 are repeated and incorporated by reference herein.

22. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 22 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

23. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 23 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

24. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 24 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

25. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 25 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

### COUNT IV

26. Paragraphs 1 through 25 are repeated and incorporated by reference herein.

27. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 27 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

28. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 28 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

### COUNT V

29. Paragraphs 1 through 28 are repeated and incorporated by reference herein.

30. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 30 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

31. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 31 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

### COUNT VI

32. Paragraphs 1 through 31 are repeated and incorporated by reference herein.

33. The Defendant-in-crossclaim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 33 of the Plaintiff -in-cross-claim, Bath Iron Works Corporation's, cross-claim.

34. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 34 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

## COUNT VII

35. Paragraphs 1 through 34 are repeated and incorporated by reference herein.

36. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 36 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

37. The Defendant-in-cross-claim, Ryerson Tull, Inc., denies the allegations contained in Paragraph 37 of the Plaintiff-in-cross-claim, Bath Iron Works Corporation's, cross-claim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Defendant-in-cross-claim states that the Plaintiffs' Complaint and the Crossclaims fail to state a claim against the Defendant-in-cross-claim upon which relief can be granted.

### Second Affirmative Defense

The Defendant-in-cross-claim says that the action was not brought in accordance with and within the time specified by the statutory provisions applicable thereto.

### Third Affirmative Defense

The right to assert the claims set forth in the Plaintiffs' Complaint and Crossclaims have been waived by the Plaintiff and Plaintiff-in-crossclaim.

### Fourth Affirmative Defense

The Defendant-in-cross-claim states that this court is the improper venue for this action.

### Fifth Affirmative Defense

The Defendant-in-cross-claim states that the Plaintiffs and Plaintiff-in-crossclaim are barred by laches from maintaining this action.

### Sixth Affirmative Defense

The Defendant-in-cross-claim states that the injuries and damages for which the Plaintiff seeks to recover were caused in whole or in part by the negligence of the Plaintiff Thomas Binnall and/or Plaintiff-in-crossclaim.

### Seventh Affirmative Defense

The Defendant-in-cross-claim says that the Plaintiff was negligent, which negligence was greater than said Defendant's negligence; and, therefore, the Plaintiff is not entitled to recover.

### Eighth Affirmative Defense

The Defendant-in-cross-claim states that the injuries and damages for which the Plaintiff seeks to recover were caused in part by the Plaintiff's negligence and the negligence of the Plaintiff-in-crossclaim, and therefore any recovery by the Plaintiff and/or Plaintiff-in-crossclaim should be diminished accordingly.

### Ninth Affirmative Defense

The Defendant-in-cross-claim states that the injuries and damages allegedly sustained by the Plaintiff were not caused by a person or persons for whose conduct the Defendant-in-crossclaim was legally responsible.

### Tenth Affirmative Defense

If the Plaintiff's negligence is less than the Defendant's-in-cross-claim negligence, then any recovery by the Plaintiff should be reduced in amounts proportional to the negligence attributable to the Plaintiff's negligence.

### Eleventh Affirmative Defense

The Plaintiff and Plaintiff-in-crossclaim violated the duty each owed to the Defendant-in-cross-claim.

### Twelfth Affirmative Defense

The Defendant-in-cross-claim states that if the Plaintiff suffered any injury or damage, which the Defendant-in-cross-claim specifically denies, such damage was caused by the intervening and superseding acts or omissions of parties other than

the Defendant-in-cross-claim, which said Defendant-in-cross-claim could not have reasonably foreseen.

### Thirteenth Affirmative Defense

The Defendant-in-cross-claim states that no agent or servant of the Defendant-in-cross-claim was involved in an accident at the time and place alleged in the Plaintiffs' Complaint.

### Fourteenth Affirmative Defense

The Plaintiffs have failed to mitigate their damages, if any, in a reasonable manner.

### Fifteenth Affirmative Defense

The Defendant-in-cross-claim states that the Plaintiff and the Plaintiff-in-crossclaim, by their respective acts and conduct, failed to comply with various provisions and obligations incumbent on them under their respective contracts; and, therefore, the Defendant-in-cross-claim is not liable in this action.

### Sixteenth Affirmative Defense

The Defendant-in-cross-claim states that the Plaintiffs and Plaintiff-in-crossclaim barred from maintaining this action due to their respective failures to perform conditions precedent under the contracts in question.

### Seventeenth Affirmative Defense

The Plaintiff and Plaintiff-in-crossclaim, by their acts and conduct, failed to comply with the various provisions and obligations incumbent upon them under the contracts; and, therefore, the Plaintiffs and Plaintiff-in-crossclaim are estopped to assert that the Defendant-in-cross-claim now owes them anything.

### Eighteenth Affirmative Defense

If the Defendant-in-cross-claim entered into an agreement with the Plaintiff-in-crossclaim, then the Defendant-in-cross-claim has performed all obligations thereunder and now owes the Plaintiff-in-crossclaim nothing.

### Nineteenth Affirmative Defense

The Defendant-in-cross-claim says that there was a failure of consideration under the alleged agreement; and, therefore, the Defendant-in-crossclaim does not owe the Plaintiff-in-crossclaim anything.

### Twentieth Affirmative Defense

The Defendant-in-cross-claim states that the agreement referred to in the Crossclaims is void for want of consideration.

### Twenty-First Affirmative Defense

The Defendant-in-cross-claim states that the Plaintiff-in-crossclaim did not perform the services referred to in the Crossclaim in a good and workmanlike manner.

### Twenty-Second Affirmative Defense

The Defendant-in-cross-claim states that there was no agreement between the Plaintiff-in-crossclaim and the Defendant-in-crossclaim for the Defendant-in-crossclaim to perform the work for which the Plaintiff-in-crossclaim seeks damages.

### Twenty-Third Affirmative Defense

The Defendant-in-cross-claim states that if the Defendant-in-cross-claim failed to perform any of the agreements contained in the instruments referred to in the Crossclaim, then the Defendant-in-cross-claim was excused from the performance of any such agreements.

## THE DEFENDANT-IN-CROSS-CLAIM, RYERSON TULL, INC., DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

The Defendant-in-cross-claim,
Ryerson Tull, Inc.,
By its Attorney,

_____
Jeanette M. Lucey
Law Offices of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA 02101
(617) 772-2800
BBO # 549119

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on January 27, 2006.

_____
Jeanette M. Lucey